Brown v. Boulden.

R. R. BROWN v. GREEN BOULDEN.

The word " domicil " in the Statute which requires every inhabitant of this State to be sued in the county of his domicil, with certain exceptions, means " residence."

If a defendant is in the act of removing from one county to another, and his affairs are in such a state, that it cannot be certainly known in which county his residence in fact is, we think it may be held, consistently with the legislative intention, that the suit may be brought in either.

At all events, where, as in this case, he has had his residence in one county for a considerable time anterior to the bringing of the suit, that, for the purposes of the suit, ought to be held to be the place of his residence, until he has

effected an actual and complete change of residence, from that to another county, not only by going to prepare a home for his family in the latter county, but by actually removing his family and principal effects from his former to his new home.

Error from Colorado. Tried below before Hon. James H. Bell.

Suit by plaintiff in error against defendant in error, on an account. The suit was instituted on the 17th day of November, 1854; the account was dated in 1853. Citation to Colorado county being returned not found, plaintiff amended by alleging that since the commencement of the suit, defendant had removed to Gonzales county, and prayed citation to that county. Plea of abatement under oath, that at the time of the commencement of this suit, he (the defendant) was and still is a resident of the county of Gonzales. Defendant also filed other pleas to the merits. The plea in abatement being first submitted to the jury, verdict and judgment thereon went for the defendant. The evidence was that defendant had been residing in Colorado county; but that at the date of the commencement of the suit, the defendant had determined to remove to Gonzales county, and had gone thither himself, with his negroes, except two, and wagon, to build or prepare houses for his family to move to in that county; did not take his wife, children, a negro woman and her child, nor any of his hogs or cattle, &c.; witness thought he took his horses; defendant left his wife, children and the negro woman and child at the residence of John S. Henry, defendant's son in law; Henry and defendant had resided on the same tract of land, cultivated the same field, owned the land jointly, but had lived in separate houses previous to the departure of defendant for Gonzales county as aforesaid.

The Court instructed the jury, without request, as follows:

If the jury believe from the evidence, that the defendant had left his home in Colorado county, and was engaged in prepar-

ing a home for his family in Gonzales county, before the institution of this suit, they will find that the defendant was not a resident of Colorado county at the institution of this suit.

If the jury believe, from the evidence, that the defendant had not left his home in Colorado county, and commenced making preparations in Gonzales county for the removal of his family, then you will find that defendant's residence was in Colorado county at the time of instituting this suit.

It is the legal right of every one to be sued in the county of his domicil, subject to the exceptions which the law has established ; and the jury will find upon the evidence without any reference to the merits of the plaintiff's demand.

*G. W. Smith*, for plaintiff in error, cited Pick. R. 370 ; 10 Id. 77 ; 5 Ves. 750, 788; 5 Mass. R. 370 ; Story on Conf. Laws, Sec. 44, 48 ; Hart. Dig. Art. 1717.

*Darden*, for defendant in error, cited Story on Conf. Laws, Sec. 41, 42, 43, 44, 46 ; McIntyre v. Chappel, 4 Tex. R. 197.

WHEELER, J. It, not unfrequently, is a question of considerable nicety and difficulty, to determine in which of two places a man's domicil really is. The Statute also uses the word "inhabitant." An inhabitant and resident mean the same thing. (Burrill, L. D. tit. INHABITANT ; Hart. Dig. Art. 667.) And the word "domicil" is evidently used in the Statute in the sense of residence. But there may be a difference between a man's residence and his domicil. He may have his domicil in one place, and still may have a residence in another ; for although a man, for most purposes, can be said to have but one domicil, he may have several residences. A residence is generally transient in its nature. It becomes a domicil, when it is taken up *animo manendi*. (Bouv. Law Dic. tit. RESIDENCE.)

It was the manifest intention of the Statute, to secure to

every inhabitant of the State, the right of being sued in the county of his residence. This right can not be denied him. But then it depends upon the fact of his having a known residence in some particular county; for if he is so unsettled as to his residence, as to come within the description of a " transient person," he may be sued in whatever county he may be found. (Hart. Dig. Art. 667.) We think, therefore, that to enable the defendant to claim this right, he should be able to point to his residence, by facts so certain and notorious as to enable the plaintiff, by the use of ordinary diligence, certainly to know where to bring his suit. The fact of residence in a particular county ought not to be so uncertain and equivocal, nor ought the Statute to be so strictly construed, as that the plaintiff shall be compelled, in a case rendered doubtful and uncertain by the conduct of the defendant, to decide rightly at his peril. Too great strictness of construction applied to a case like the present, might have the effect to defeat the suit in both counties, and place the plaintiff in the condition of the unfortunate suitor, who was refused admittance into both the Court of Law and Chancery, because each thought the other the only proper forum to afford redress; or the plaintiff who was denied redress for an acknowledged injury, because, when he sued in case, the Court thought he ought to have brought trespass; and when he brought trespass, the Court thought his only remedy was case. Cases of this kind have often been instanced to illustrate the absurdity of maintaining the exclusive jurisdiction of Courts of Law and Equity, and the distinctions of forms of action, which our law rejects. But if the Statute in question is to be so strictly construed as to endanger the defeat of the plaintiff's action in a case like the present, it might be justly chargeable with a similar abuse. It ought not to receive a construction which will pervert its object. If a defendant has a known residence, he must be sued in the county of his residence. But if he is in the act of removing from one county to another, and his affairs are in such a state,

that it can not be certainly known in which county his residence in fact is, we think it may be held, consistently with the legislative intention, that the suit may be brought in either county. At all events, where, as in this case, he has had his residence in one county for a considerable time anterior to the bringing of the suit, that, for the purposes of the suit, ought to be held to be the place of his residence, until he has effected an actual and complete change of residence from that to another county ; not only by going to prepare a home for his family in the latter county, but by actually removing his family and principal effects from his former to his new home. The charge of the Court made the fact of the defendant's having gone to Gonzales county to prepare, and being engaged there in preparing a home for his family, effect a change of his residence, or domicil, to that county. This, we think, was error. To effect such change of residence, as to constitute the latter county his domicil, within the spirit and intention of the Statute, he must have actually removed and acquired a home, and residence in that county in fact, as well as in intention. The defendant manifestly had not effected an actual and complete change of residence at the time of instituting the suit. He had not removed his family and effects ; nor does it appear that he had completed his preparations for such removal. We are of opinion, therefore, that the evidence did not warrant the verdict; and but for the error in the charge the decision must have been different.

The judgment is therefore reversed and the cause remanded for further proceedings.

Reversed and remanded.