| 24 | 615 |
| 81 | 659 |

THOMAS WILSON v. W. P. BRIDGEMAN AND ANOTHER.

To support a plea to the jurisdiction of the court, because of the non-residence of the defendant in the county in which the suit is brought, if he claim to have removed from that, and to have acquired a residence in another county, it must appear, that the change had been effected, and such residence acquired, *at the time* of the institution of the suit.

The rule laid down in Brown v. Boulden, 18 Texas Rep. 431, upon the questions of the residence of the defendant, and the jurisdiction of the court, as dependent thereon, cited and approved.

ERROR from Calhoun. Tried below before the Hon. Fielding Jones.

This was a suit brought in the District Court of Calhoun county, on the 17th of March, 1858, by William P. Bridgeman and E. M. Day, against Thomas Wilson, on a note for $372.18. The defendant was served with process, in that county, on the 25th of March, 1858.

At the Fall Term of the court, the defendant pleaded to the jurisdiction of the court, alleging that, at the time of the institution of the suit, he was not a citizen or resident of the said

county, but then was, and had ever since been, a citizen of, and and had resided in, the county of Live Oak.

In support of this plea, the defendant proved that he was absent from Lavaca a great deal of his time, for a year past; that he was clerk of the District Court of Live Oak county, and was acting as such during the session of that court, in April, 1858; that he had been appointed by the judge of the District Court, to fill an unexpired term in the said clerkship. He proved also, that his mother lived in Lavaca, and that he had formerly been in business there, but had closed it up, and had not been in business in Calhoun county, since the fall of the year 1857.

The plaintiff proved, that the defendant had been elected an alderman of the city of Lavaca, in the county of Calhoun, at the election of city officers, in October, 1857, for the term of one year; that he acted in that capacity up to October, 1858, when he sat with the mayor, and some of the other aldermen, to hold the election of city officers for the ensuing year. Also, that when in Lavaca, he occupied and slept in a room in town, and not at his mother's house; that he was one of the street committee for the year 1857, and acted with the other commissioners, after the institution of this suit, inspecting and receiving over, on the streets, under contracts previously made. The plaintiffs also proved an admission made by the defendant to a witness, at the Spring Term, 1858, of the District Court of Calhoun county, that he was a citizen of the latter county, and not of Live Oak county; and that the defendant, when served with process, by the sheriff of Calhoun county, neither denied his residence to be in that, nor claimed the county of Live Oak as the county of his residence.

The jury found a verdict in favor of the plaintiffs, for the amount of the debt and interest, and judgment was rendered in accordance therewith.

*B. Holt*, for the plaintiff in error.

*Glass & Phillips, Jr.*, for the defendants in error, suggested delay.

Wilson v. Bridgeman.

BELL, J.—The testimony introduced by the defendant in the court below, in support of his plea to the jurisdiction, would scarcely have been sufficient to sustain it, had there been no further evidence. The facts established by the defendant's testimony, are not inconsistent with the fact, that the defendant was a resident of Calhoun county, at the time of the institution of this suit against him. As was said by this court, in the case of Brown v. Boulden, 18 Texas Rep. 431, "a man may have several residences." The fact that the defendant, Wilson, was resident, during a portion of the year, in the county of Live Oak, does not amount to proof that he was not, during a portion of the same year, a resident of the county of Calhoun.

But the testimony introduced by the plaintiff in the court below, established very satisfactorily, that the defendant was a resident of Calhoun county, at the time of the institution of this suit, and afterwards. We think that the rule laid down in the case of Brown v. Boulden, 18 Texas Rep. 431, upon the questions of the residence of the defendant, and the jurisdiction of the court as dependent thereon, is the correct one. In that case, it was said, that "the defendant should be able to point to his residence, by facts so certain and notorious, as to enable the plaintiff, by the use of ordinary diligence, certainly to know where to bring his suit. The fact of residence in a particular county, ought not to be so uncertain and equivocal, nor ought the statute to be so strictly construed, as that the plaintiff shall be compelled, in a case rendered doubtful and uncertain by the conduct of the defendant, to decide rightly, at his peril."

In the present case, we are of opinion that there is no error in the charge of the court, and that the verdict of the jury is fully sustained by the evidence. The judgment of the court below is affirmed, with damages for the delay.

Affirmed with damages.