### P. C. TUCKER, ADM'R, v. J. S. ANDERSON.

The defendant who had, for eighteen years, resided on his plantation in W. county, actuated by considerations of health, removed his white family and house servants in June, 1856, to C. county, where they remained until October, 1858, during which time the plantation in W. county was still carried on. *Held*, that in February, 1858, the defendant had such a residence in C. county, as authorized the plaintiff to sue him in that county.

See this case for evidence held to be insufficient to sustain a verdict for the defendant, on his plea to the jurisdiction, which alleged his residence to be in a different county from that of the forum; and, also, for a charge of the court below, on the issue in abatement, held not to be strictly accurate.

The observations of Chief Justice Wheeler in Brown v. Boulden, (18 Tex. R., 431,) on the same question, cited and approved.

ERROR from Comal. Tried below before the Hon. Thomas J. Devine.

This suit was brought by the plaintiff in error, against the defendant in error in the District Court of Comal county, on the 4th of February, 1858, to recover the amount of several promissory notes. Citation for the defendant being returned "not found" by

the sheriff of Comal county, the plaintiff, by an amended petition filed July 10, 1858, alleged that the defendant then sometimes resided in the county of Blanco and sometimes in the county of Wharton, and prayed for process to those counties, which, however, does not appear to have issued under this amendment. On March 14, 1859, the plaintiff amended again, alleging that the defendant then resided in Wharton county, and prayed process to that county. Citation issued accordingly, and was served on the defendant by the sheriff of Wharton county on the 7th of April, 1859.

The defendant appeared and pleaded, 1st, a general demurrer for insufficiency; 2d, in abatement, denying that he was a resident of Comal county at the institution of the suit, and alleging that he was and had been, for eighteen years, a resident citizen of the county of Wharton, and that his sojourn in Comal county had only been of a temporary character; and 3d, a general denial.

The case came to trial at the Fall Term, 1859, when the court permitted the defendant to withdraw his demurrer, and the case went to the jury on the plea in abatement. By witness Crocklin, defendant proved that in February, 1858, he had his white family and two or three of his house servants on the Blanco in Comal county; that, in the previous fall, witness had hauled corn for the defendant, from the latter's plantation in Wharton county to where his family were on the Blanco; that defendant had a plantation and negroes and a furnished residence in Wharton county, where he was, and for several years had been, carrying on the business of planting. Witness had always understood from defendant himself, that he had selected the place on Blanco as a retreat during the sickly season in the lower country, and for the health of his family. Witness stated that defendant brought his sick family, consisting of his wife and three children, to the Blanco in the month of June, 1856, and they remained there until about October, 1858; that one of the children was sick a long time, and, on its recovery, the family left for Wharton county; that defendant was often away from the Blanco, attending to his business in Wharton county, and witness had been and still was his agent on the Blanco; that the defendant's place on the Blanco was a mere temporary residence, where defendant had built some small houses

or cabins; that the family complained that they were poorly furnished, and witness proposed to Mrs. Anderson to haul some furniture for the family from Wharton county, but she would not have it done, stating that she might not remain on the Blanco but a short time. Besides the houses, defendant had fenced in some thirty or forty acres of land, and had some hogs and about eight or ten cows on the Blanco place.

Sweeney, another witness for the defence, stated that he had known defendant to have lived in Wharton county for twelve or fifteen years past, and that his permanent residence was in that county, but that he had spent his summers in Matagorda county, on the Blanco, at the springs, and other places; that defendant had never done business elsewhere than in Wharton county, and only took his family to the place on the Blanco for the benefit of their health. Witness lived with defendant, and, from what the defendant told him, knew that he resided on the Blanco only temporarily, and on account of health.

It appeared in evidence, that defendant had acted as clerk of an election in Comal county, at the request of the managers and for accommodation, and that he had cast his vote there, but whether only for State officers or otherwise was not shown. Also, that he had been elected, but did not qualify, as justice of the peace.

The court instructed the jury as follows:

"1. The principal question for your consideration is this: Was the county of Comal the settled place of residence, or the permanent home, of J. S. Anderson and his family on the 4th day of February, 1858? If you believe that it was, you will so state as your verdict.

"2. If, however, you believe, from the evidence, that the settled residence or home of the defendant Anderson was, in February, 1858, in Wharton county, and that his residence in Comal was for the health of his family, and with no intention of residing permanently in Comal county, then you will state those facts as your verdict. It is the legal right of every man to be sued in the county wherein is situated his home or permanent residence; and it is for you to decide, from all the facts and circumstances connected with this cause and in evidence before you, whether the county of

Comal or Wharton was the home of the defendant and his family in February, 1858."

The jury returned as their verdict, that, in February, 1858, at the time of the bringing of this suit, Comal county was not the place of the permanent residence of J. S. Anderson and his family; and they therefore found for the defendant.

On this verdict the court adjudged that the suit be dismissed, and the plaintiff pay the costs. Motion for new trial overruled, and plaintiff appealed.

It was assigned for error that the court erred in permitting defendant to withdraw or abandon his demurrer; in the charges given to the jury; in overruling the motion for a new trial, and for other causes.

*Chandler & Turner*, for the plaintiff in error.—The first question presented is, what was the effect of the demurrer, being the first plea filed? Is it such an appearance as would confer jurisdiction when the privilege to be sued in a certain county is a personal one, and one which, by appearing and pleading, the party waives.

A general demurrer confesses all the facts alleged in the petition as alleged, and then claims that the party is not entitled to recover. (See Chitty on Pleadings, vol. 1, p. 661, 662; Lambeth v. Turner, 1 Tex., 364.)

Our statute requires that pleas shall be filed in due order of pleadings. (Oldham & White Dig., p. 116, art. 426.)

What is due order of pleadings? (Chitty on Pleadings, vol. 1, p. 440.)

We know that a party can not be forced to rely upon his demurrer, and place his rights upon its determination; but, inasmuch as it is a plea which, according to due order of pleading, comes after a plea to the jurisdiction, a demurrer to the count or cause of action concedes the jurisdiction. (1 Chitty's Plead., vol. 1, p. 440.)

A general demurrer is not a plea to the jurisdiction; and as the interposition of any other plea was an admission of jurisdiction, it was error to suffer the defendant to withdraw the same for the purpose of ousting a jurisdiction which had attached by virtue thereof; and the moment this plea was filed, both parties had an interest in

the pleading, and it could not be withdrawn so as to avoid any favorable statement or effect that the plaintiff could claim from it. (Coles v. Perry, 7 Tex., 169, 170.)

The taking issue by demurrer to the matter presented in law was a waiver of his right to plead to the jurisdiction. (Campbell v. Wilson, 6 Tex., 392; Ferguson v. Wood, 23 Tex., 177; Cook v. Southwick, 9 Tex., 620.)

The effect, then, of the demurrer was to confer or waive jurisdiction; and the court once acquiring jurisdiction, will retain it for all purposes. (Willis v. Gordon, 22 Tex., 243.)

The defendant showed no reason why he failed to plead his dilatory plea first, and in due order of pleading. The bill of exception shows that when motion was made to strike out of the answer the plea to jurisdiction, the court then permitted the issue of law presented by the demurrer to be withdrawn. We, therefore, conclude that the motion to strike out the plea to the jurisdiction, was because it came too late. The counsel who tried the case has but just commenced, and quite inexperienced; and we submit, that if it were proper at all to allow such a course to be pursued, defendant should have been required to make as full a showing in order to let in this character of plea, as to open a default; and it is not a mere arbitrary discretion with the judge, to divest itself of jurisdiction in this way, against the wish of a party at interest. If the analogy should apply, see Foster v. Martin, 20 Tex., 122.

The disposition made of the assignment disposes of the first four.

The 5th assignment is well taken, which is, that the court erred in his charge to the jury. The court told the jury that unless the county of Comal was the place of residence of defendant at the time suit was commenced, or *permanent* home, they must find for defendant; placing much stress upon permanent and fixed intention; in short, he gave the same charge that would have been proper had the question been one of *domicil*. This was error, as a man may have several residences at the same time, or places of residence, but can have but one domicil.

*W. L. & C. L. Robards,* for the defendant in error.

Tucker v. Anderson.

BELL, J —The charge of the court was not altogether accurate, and we are of opinion that there was error in overruling the motion for a new trial. It appears, from the evidence, that the defendant Anderson removed his white family, and some house servants, from Wharton county to Comal county in June, 1856, and that they remained in Comal county until October, 1858. This fact alone showed such a residence in Comal county as authorized the plaintiff to institute suit there in the month of February, 1858. It was well said by the present chief justice of this court, in the case of Brown v. Boulden, (18 Tex., 431,) that "the fact of residence in a particular county ought not to be so uncertain and equivocal, nor ought the statute to be so strictly construed, as that the plaintiff shall be compelled, in a case rendered doubtful and uncertain by the conduct of the defendant, to decide rightly at his peril."

We are of opinion that the evidence did not warrant the verdict of the jury, and that a new trial ought to have been granted. The judgment of the court below is therefore reversed, and the cause remanded.

Reversed and remanded.