Leon & H. Blum v. Younger Bros.

(No. 5029.)

Venue.— Suit may be brought in either county when defendant's residence is uncertain.

Appeal from Wise county. Opinion by Delaney, J.

Statement.— This was a suit on open account, brought by appellants against appellees in Wise county. The petition alleged that N. Younger and C. Younger composed the firm; the former resided in Wise and the latter in Montague county.

Appellees pleaded to the jurisdiction of the court because of the residence of both defendants in Montague county. The evidence showed that the defendant had two mercantile establishments, one at Denver, in Montague county, and the other at Sunset, in Wise county, some seven miles south of Denver. Ceph Younger was a married man and lived near the store at Denver; Nat. Younger was unmarried and divided his time between the two stores, the witnesses varying as to the proportion of time by him spent at the respective stores. While at Denver he slept in the store and took his meals at Ceph Younger's. While at Sunset he took his meals at a restaurant and slept in the store, his acquaintances varying in their respective opinions as to his residence at Denver, many of them stating that he spent as much time at Sunset as at Denver. He ordered goods for both establishments from Sunset. The goods were shipped to and received by the house at Sunset, and such as were needed at Denver were taken from the Sunset house and sent to Denver. .

The two brothers first owned a store at Denver, in Montague county. They then established a branch house at Sunset, which was on the railroad and supposed to be in Wise county, and placed another brother (Pierce) in charge of it.

The two stores were seven miles apart, and N. Younger was there very often, frequently spending several days at a time.

OPINION.—But he appears to have voted in Montague county and to have claimed Denver as his home. The only question in this case is one of jurisdiction, and that depends upon the place of residence of N. Younger. If his residence was in Wise county, the court had jurisdiction of the case, otherwise it did not. Rev. Stat., art. 1198, sec. 4.

In Brown v. Bouldin, 18 Tex., 434, it is said that if a defendant's affairs are in such a state "that it cannot be certainly known in which county his residence in fact is, we

think it can be held, consistently with the legislative intention, that suit may be brought in either county."

The reasoning of the court in that case would probably not apply with its full force to a case like this. Here there were two partners. There was no doubt about the residence of one of them; hence there was no doubt that the suit might be maintained in Montague county. The appellants, therefore, need not have been misled by the seemingly doubtful residence of the other partner.

And as the preponderance of evidence seems to be in favor of the finding of the court, the judgment is affirmed.

AFFIRMED.