### R. B. KUTEMAN v. R. M. PAGE.

(No. 2305.)

APPEAL from Wood County.   Opinion by WHITE, P. J.

GILES & KUTEMAN, counsel for appellant.

No counsel appeared for appellee.

§ 164. *Venue; suit against person whose residence is unknown may be brought in county of plaintiff's residence; plea of privilege to be sued in county of residence is prima facie evidence only of facts stated; when controverted must be proved aliunde; evidence held insufficient to support such plea; case stated.*   Kuteman, who was plaintiff in the court below, resided in Wood county. He instituted this suit in said county against appellee Page, alleging in his petition that the residence of said Page was unknown. Subdivision 3 of article 1198, Revised Statutes, provides that where the residence of a defendant is unknown, suit may be brought in the county where the plaintiff resides. Page pleaded in abatement to the jurisdiction of the court, alleging that he was not a resident of Wood county, but was, at the institution of the suit, and had been long before, and still was, a *bona fide* resident of Tarrant county, Texas.   This plea was sworn to. On the hearing thereof, the court sustained said plea, and dismissed the cause at the costs of the plaintiff.   Page introduced no evidence whatever in support of his plea, and the court seems to have considered said plea as proving itself.   *Held:* We are not aware that the question as to whether such plea proves itself has ever been directly decided.   We are of the opinion it only establishes *prima facie* the facts stated therein, and that whenever it is met by countervailing evidence, there must be proof in support of the plea, or it should be overruled.   In this case defendant offered no evidence whatever in support of said plea.   On the other hand, plaintiff proved that he had dealt with defendant five years, shipping him lum-

ber to different towns and cities throughout the state; that defendant spent the greater portion of his time in the pineries of eastern Texas; that plaintiff had tried to find out his residence from defendant's own clerks, and they said they did not know his residence; that plaintiff had made inquiries of various other persons to ascertain defendant's residence; that the information he received from all of whom he inquired was, that defendant had no residence, but was constantly on the go; that defendant was an unmarried man and never staid at any one place more than a day or two; that plaintiff had been to Fort Worth in Tarrant county, time and again, trying to find defendant, without succeeding. That the claims sued upon were sent to H. W. Kuteman at Weatherford, Texas, for collection. H. W. Kuteman testified that he called several times at Fort Worth to see defendant about the claims, but could not find him. Had made inquiries of lumber men who knew him well, and they said he lived nowhere; that he had addressed letters to defendant at various places where he was most likely to be found, telling him that he wanted to know the place he claimed as his residence, as he would be compelled to sue him on said claims, and wanted to sue him in the county of his residence. None of those letters were answered. In our opinion this evidence fully met and overcame the *prima facie* case made by the verified plea in abatement, and the court therefore erred in sustaining said plea. In Tucker v. Anderson, 27 Tex. 276, Bell, J., says: "It was well said by the present chief justice of this court in the case of Brown v. Bouldin, 18 Tex. 431, that the fact of residence in a particular county ought not to be so uncertain and equivocal, nor ought the statute to be so strictly construed, as that the plaintiff shall be compelled in a case rendered doubtful to decide rightly at his peril." We are clearly of opinion that the allegation in plaintiff's petition that the defendant's residence was unknown at the time of the institution of this suit is fully sustained by the evidence.

§ 165. *If residence was unknown at time of institution of suit, subsequent knowledge of will not defeat jurisdiction.* But suppose that upon another trial the defendant should prove his plea, would such proof defeat the jurisdiction of the county court of Wood county? We think not. The question is the *status* of defendant's residence at the time of the institution of the suit. If his residence was then *unknown*, he cannot defeat the jurisdiction already attached by proving that, since the institution of the suit, his residence has become known. He cannot thus compel the plaintiff to dismiss a suit properly and legally brought, when by his own acts he had at least rendered it doubtful in what county he resided. [Whiting v. Briscoe, Dallam, 540; Walker v. Walker, 22 Tex. 331.]

October 27, 1886.          Reversed and remanded.