# Supreme Court of Texas

---

No. 21-1047

---

Alcus Reshod Fortenberry,

*Petitioner*,

v.

Great Divide Insurance Company,

*Respondent*

---

On Petition for Review from the
Court of Appeals for the Fifth District of Texas

---

**Argued January 11, 2023**

JUSTICE HUDDLE delivered the opinion of the Court.

Texas Labor Code Section 410.252(b) is a mandatory venue provision governing suits for judicial review of administrative decisions regarding workers' compensation benefits. In a case involving an injured employee, Section 410.252(b) requires that suit be brought in "the county where the employee resided at the time of the injury." Determining where an employee resided at one point in time is usually uncontroversial. But in the case of employees who travel frequently or have moved recently, the answer is not necessarily obvious.

Here, a Texas Tech University offensive lineman signed a three-year contract in May 2015 to play for the Dallas Cowboys. He stayed in a hotel in Dallas County while attending team practices that summer. And he was injured while attending the team's training camp in California on August 2. After his workers' compensation claim was denied, he exhausted the administrative process and sought judicial review of the final administrative decision in Dallas County. A jury found in his favor, and the insurer appealed, challenging venue among other things. The court of appeals concluded that the Dallas County hotel at which the employee averred he "lived and resided" at the time of his injury could not constitute his residence under Section 410.252(b). The court of appeals also concluded the insurer failed to prove that the county to which it sought a transfer, Travis County, was a county of proper venue. Based on its conclusion that neither party had established proper venue, the court reversed and remanded with instructions to conduct further venue proceedings, adding that the law-of-the-case doctrine operated to exclude Dallas County as a proper venue in any subsequent proceeding. We granted review and hold that the record adequately demonstrates that the employee "resided" in Dallas County at the time of his injury as Section 410.252(b) requires. Accordingly, venue was mandatory in Dallas County.

## I.     Background

A native of Mississippi, Alcus Reshod Fortenberry played college football at Texas Tech University. After graduating, Fortenberry signed an NFL player contract in May 2015 with the Dallas Cowboys. The contract's term began on May 14, 2015, the day it was executed. The

2

parties agreed the term would span the three following football seasons and terminate at the end of February 2018. The contract obligated Fortenberry to attend team games, practices, and events throughout its term.

Fortenberry began practicing with the Cowboys in Dallas County in May 2015. The record reflects he attended team practices and workouts until he sprained his knee in June. The sprain caused Fortenberry to sit out from team practices for two weeks, but he was treated by the team's medical staff and participated in other team activities, including "Cowboys U," during that time. Later in June, he traveled to Louisiana to continue rehabilitation of his knee. He stayed in touch with the team regarding his progress while in Louisiana, and he returned to Dallas for a conditioning test with his teammates in July, before training camp began.

On July 28, 2015, Fortenberry traveled with the Cowboys to Oxnard, California, for training camp. A few days into the trip, on August 2, Fortenberry sustained the knee injury that is the basis of this suit. He was initially added to the Cowboys' reserve/injured list with an estimated recovery time of nine to twelve months. The Cowboys ultimately terminated his contract in May 2016.

Fortenberry sought workers' compensation benefits from the Cowboys' insurer, Great Divide Insurance Company, which denied his claim. Following an unsuccessful benefit review conference, Fortenberry sought a contested case hearing. *See* TEX. LAB. CODE § 410.023 (providing for a benefit review conference); *id.* § 410.151 (providing for a contested case hearing). The contested case hearing,

3

which was held in December 2017 and January 2018, took place at the Dallas Field Office of the Texas Department of Insurance's Workers' Compensation Division. During the administrative process, Fortenberry and Great Divide stipulated that venue for the contested case hearing was proper in the Dallas Field Office,[1] and the administrative law judge (ALJ) made a finding of fact and a conclusion of law to that effect. Regarding the merits, the ALJ concluded that Fortenberry reached maximum medical improvement in April 2016 with an impairment rating of 1% and ordered benefits to be paid accordingly. After an administrative appeals panel affirmed, Fortenberry sued for judicial review in Dallas County district court. *See id.* § 410.202 (providing for an administrative appeal from an ALJ decision); *id.* § 410.251 (permitting judicial review from the appeals panel's decision).

In district court, Fortenberry alleged that venue was mandatory in Dallas County under Labor Code Section 410.252 because he "was a resident of Dallas County, Texas at the time of his injury." Great Divide moved to transfer venue. It argued that Fortenberry was not a resident of Dallas County or any county in Texas at the time of his injury, so Section 410.252 did not apply. It sought instead to transfer the case to Travis County, where Great Divide claimed to have an agent or representative. Fortenberry averred in a responsive affidavit that, at

---

[1] The Labor Code mandates that, unless the Workers' Compensation Division determines otherwise, "a contested case hearing may not be conducted at a site more than 75 miles from the claimant's residence at the time of the injury." TEX. LAB. CODE § 410.005(a). The Labor Code also provides that "[a] written stipulation or agreement of the parties that is filed in the record or an oral stipulation or agreement of the parties that is preserved in the record is final and binding." *Id.* § 410.166.

4

the time of his injury, he "lived and resided at 950 West Walnut Hill Lane" in Irving, Dallas County. Great Divide presented evidence that 950 West Walnut Hill Lane is the address for a Marriott Residence Inn hotel and that the Cowboys provided Fortenberry with these accommodations.

After a hearing, the trial court denied Great Divide's motion to transfer venue without specifying its reasoning. A jury returned a verdict for Fortenberry, and the trial court rendered judgment on the verdict.

Great Divide appealed, challenging, among other things, the trial court's venue ruling. The court of appeals first concluded that Section 410.252 did not apply because Fortenberry failed to present prima facie proof of a residence in Dallas County. ___ S.W.3d ___, 2021 WL 3160189, at *3–4 (Tex. App.—Dallas July 26, 2021). It reasoned that Fortenberry's assertion in his affidavit that he "lived and resided" in Dallas County was unsupported by facts and thus conclusory and not probative evidence. *Id.* at *3 (citing TEX. R. CIV. P. 87.3(a)). It then turned to what it described as the "residency requirements for venue purposes," citing *Snyder v. Pitts*, 241 S.W.2d 136 (Tex. 1951). 2021 WL 3160189, at *3; *see Snyder*, 241 S.W.2d at 140 (applying a three-prong analysis to determine whether a party could be deemed a resident of the county in which he occupied a hotel or rented room during weekly visits away from his permanent home). The court concluded that Fortenberry could not establish residency in Dallas County under *Snyder*. 2021 WL 3160189, at *4.

5

The court of appeals also rejected the parties' other venue arguments. Fortenberry advanced two fallback theories to support venue in Dallas County. First, he argued that his NFL player contract stated that Dallas County would be the proper and exclusive venue for "all workers' compensation claims and other matters related to workers' compensation." The court of appeals concluded that agreement between Fortenberry and the Cowboys did not bind Great Divide. *Id.* Alternatively, Fortenberry argued that Great Divide's principal office was in Dallas County, making venue proper under the general venue statute. *See* TEX. CIV. PRAC. & REM. CODE § 15.002(a)(3) (permitting suit to be brought against an entity "in the county of the defendant's principal office in this state"). The court of appeals rejected this argument, too, on the grounds that Fortenberry failed to establish that Great Divide's decision makers conducted the company's daily affairs in Dallas County. 2021 WL 3160189, at *5; *see* TEX. CIV. PRAC. & REM. CODE § 15.001(a) (defining "principal office"). For its part, Great Divide asserted venue was proper in Travis County because it maintained a representative there to act as its agent before the Workers' Compensation Division. The court of appeals concluded that Great Divide failed to meet the relevant standard, which was to show it had a principal office in Travis County. 2021 WL 3160189, at *5–6.

Having rejected all the parties' respective venue arguments, the court of appeals reversed the trial court's judgment and remanded for further venue proceedings. *Id.* at *6; *see* TEX. R. CIV. P. 87(3)(d). In a footnote, it added that the law-of-the-case doctrine applied to preclude the parties from asserting Dallas County was a proper venue in any

6

subsequent proceeding. 2021 WL 3160189, at \*6 n.7. Fortenberry petitioned for review.

## II. Applicable Law

Venue may be proper in one or more counties based on the general venue statute, *see* TEX. CIV. PRAC. & REM. CODE § 15.002(a), or a statute may create mandatory or permissive venue, *see generally id.* §§ 15.011–.020 (mandatory venue statutes); *id.* §§ 15.031–.039 (permissive venue statutes). But if an action is governed by a statute prescribing mandatory venue, the action "shall be brought in the county required by that statute." *Id.* § 15.016.

The initial choice of venue is left to the plaintiff, who first decides venue by filing an original petition. *Wilson v. Tex. Parks & Wildlife Dep't*, 886 S.W.2d 259, 260 (Tex. 1994). The defendant may challenge the plaintiff's venue choice through a motion to transfer venue. *See* TEX. CIV. PRAC. & REM. CODE § 15.063(1); TEX. R. CIV. P. 86. If the defendant challenges venue, the plaintiff bears the burden to present prima facie proof that venue is maintainable in the county of suit, while the defendant bears the burden to prove venue is maintainable in the county to which transfer is sought. *Wilson*, 886 S.W.2d at 260 & n.1; TEX. R. CIV. P. 87(2)(a). A venue determination must be "based on the facts existing at the time the cause of action that is the basis of the suit accrued." TEX. CIV. PRAC. & REM. CODE § 15.006. No interlocutory appeals are permitted from the trial court's determination. *Id.* § 15.064(a); TEX. R. CIV. P. 87(6).

If the trial court's venue determination is challenged on appeal from a final judgment, "the appellate court shall consider the entire

7

record, including the trial on the merits" in its review. TEX. CIV. PRAC. & REM. CODE § 15.064(b); *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 757 (Tex. 1993) (observing that Section 15.064 "allows appellate review of venue on a basis different from that on which it was decided"). And if there is probative evidence in the record to support the trial court's determination, the appellate court should defer to the trial court, even if the preponderance of the evidence is to the contrary. *Ruiz*, 868 S.W.2d at 758.

Given these standards, remand for further proceedings on venue should be quite rare. It is proper only when there is "no probative evidence that venue was proper either in the county of suit or in the county to which transfer was sought." *Id.* Despite its peculiarity, this standard of review strikes a balance between the competing interests of "preserv[ing] the plaintiff's right to select and maintain suit in a county of proper venue" and "protect[ing] the defendant from fraud or inaccuracy at the pleading stage." *Wilson*, 886 S.W.2d at 262; *see* Dan R. Price, *New Texas Venue Statute: Legislative History*, 15 ST. MARY'S L.J. 855, 875–80 (1984) (detailing history of legislation in Texas regarding appellate review of venue).

Labor Code Section 410.252(b) governs venue in suits for judicial review of a final administrative decision in workers' compensation disputes. It states:

> The party bringing suit to appeal the decision must file a petition with the appropriate court in:
>
> > (1)    The county where the employee resided at the time of the injury or death, if the employee is deceased; or

8

   (2)  in the case of an occupational disease, in the county where the employee resided on the date disability began or any county agreed to by the parties.

TEX. LAB. CODE § 410.252(b).  Fortenberry asserts that venue in Dallas County is mandatory under Section 410.252(b)(1) because he resided there at the time of his injury.

  "Reside" is not defined in the Labor Code, but when this statute was first enacted, *Black's Law Dictionary* reflected several shades of meaning:

> Live, dwell, abide, sojourn, stay, remain, lodge.  To settle oneself or a thing in a place, to be stationed, to remain or stay, to dwell permanently or continuously, to have a settled abode for a time, to have one's residence or domicile
> . . . .

*Reside*, BLACK'S LAW DICTIONARY (5th ed. 1979) (citation omitted). Texas courts have long grappled with residency and venue questions in the context of mobile Texans, and our precedents take a flexible view of what it means to "reside" somewhere for purposes of establishing proper venue.  In *Snyder*, for example, this Court held that a person who had a permanent home in Wilbarger County nevertheless had a residence and therefore could be sued in Dallam County, where he worked intermittently over time and rented a room, first at a hotel and later at a private residence.  241 S.W.2d at 137, 142.  Collecting our precedents, the *Snyder* court described a residence as:

  1.  A fixed place of abode within the possession of the defendant

  2.  occupied or intended to be occupied consistently over a substantial period of time

9

3.    which is permanent rather than temporary.

*Id.* at 140.  Yet the Court made clear that "intent to make it a permanent home" is not necessary to establish residence.  *Id.* at 139.  Indeed, *Snyder* held that intermittent stays in a hotel or rented room in a private home could suffice to establish residence in a county.  *Id.* at 142.

The cases *Snyder* cites likewise reflect that short and intermittent stays in a county may suffice, depending on the circumstances.  In *Wilson v. Bridgeman*, this Court held that a defendant's brief stay in a room in Calhoun County while he helped a city conduct an election made venue proper there, despite facts showing he resided in another county.  24 Tex. 615, 617 (1860).  And in *Caprito v. Weaver*, the court of appeals held that renting a room by the week in Howard County for six to seven weeks was sufficient to create a fact issue whether the defendant resided in that county.  63 S.W.2d 1043, 1044 (Tex. App.—Eastland 1933, no writ).  Similarly, spending one to five days twice a month in a county over a fifteen-month period despite maintaining a home elsewhere was held sufficient to establish residence in that county for venue purposes.  *Funk v. Walker*, 241 S.W. 720, 722 (Tex. App.—San Antonio 1922, no writ).

The *Snyder* Court also cited a case holding that venue did *not* lie in a county where a party had been staying for about two months.  241 S.W.2d at 141 (citing *Dixon v. McDonald*, 130 S.W.2d 884 (Tex. App.—Beaumont 1939, no writ)).  But in *Dixon*, the court determined that the evidence showed a clear intent *not* to remain in the county or to return after leaving.  130 S.W.2d at 884–85 (holding that the proprietor of a traveling skating rink that had been operating in Jefferson County

10

did not establish a residence there because he had a history of moving to new locations with no intent to return).

The cases reflect particular flexibility in establishing residency for venue purposes when a party is in the process of moving from one county to another. *See, e.g.*, *Brown v. Boulden*, 18 Tex. 431, 434–35 (1857) (concluding that a defendant who had started the process of moving to a new county remained a resident for venue purposes of the county he had lived in for a considerable time before suit was filed). *Howell v. Mauzy*, 899 S.W.2d 690 (Tex. App.—Austin 1994, writ denied), illustrates the point. In that case, a judicial candidate in the process of moving from Dallas to Austin was sued in Travis County. *See id.* at 695. Although he had little connection to Travis County (other than attending campaign events there), the court of appeals concluded that his affairs were in such an uncertain state that he could be said to reside in either county. *Id.* at 697.

### III.   Analysis

The court of appeals held that Fortenberry failed to adduce any probative evidence that he resided in Dallas County at the time of his injury and therefore failed to establish venue under Labor Code Section 410.252(b). This conclusion was based on a too-rigid reading of *Snyder* coupled with a failure to credit evidence of facts existing at the time of Fortenberry's injury that supports the trial court's venue determination. *See* TEX. CIV. PRAC. & REM. CODE § 15.006 (mandating that venue determinations be based on the facts existing when a claim accrues); *id.* § 15.064 (requiring appellate courts reviewing venue determinations to consider the entire record, including evidence

11

adduced at trial); *Ruiz*, 868 S.W.2d at 757–58 (noting the deferential standard of review for a trial court's venue determination).

The court of appeals concluded that a hotel cannot constitute a residence for venue purposes. 2021 WL 3160189, at *4. It read *Snyder* to require greater rights of possession than a hotel guest enjoys. *Id.* (reasoning that a guest in a hotel is a mere licensee with insufficient rights to possess or control the property). But there is no categorical prohibition against a hotel serving as one's residence. *Snyder* implicitly rejects such a hard-and-fast rule. *See* 241 S.W.2d at 140. It concluded a party established residence in Dallam County based on his intermittent stays there, first at a hotel, and later at a rented room in a residence, without distinguishing between the nature of the property rights corresponding to the two different arrangements. *Id.*

The court of appeals also relied on *Warehouse Partners v. Gardner*, 910 S.W.2d 19 (Tex. App.—Dallas 1995, writ denied), for the proposition that a hotel room cannot constitute a residence. 2021 WL 3160189, at *4. But *Warehouse Partners* does not support this conclusion. The issue in that case was whether an apartment built in a warehouse constituted a "dwelling"—defined by the Property Code to mean property rented for use as a "permanent residence"—such that it would be subject to the Property Code's residential lockout statute. *Warehouse Partners*, 910 S.W.2d at 22; *see* TEX. PROP. CODE § 92.001(1). The case is unrelated to venue and turns on the meaning of the statutory phrase "permanent residence," which does not govern here. *See Snyder*, 241 S.W.2d at 139 (noting the "intent to make it a permanent home" is not necessary to establish residence).

12

Perhaps because it regarded a stay in a hotel as disqualifying, the court of appeals did not properly credit the record evidence supporting the trial court's venue ruling. It disregarded Fortenberry's affidavit testimony that he "lived and resided" in Dallas County at the time of his injury as conclusory because it was "unsupported by facts showing that he maintained that residence in Dallas County on the date of his injury in California." 2021 WL 3160189, at *3. But it was not necessary for Fortenberry to prove that he was physically present in the Residence Inn on the day he was injured in California for the Residence Inn to qualify as his residence at the time. One certainly can "live" in a place despite not being physically present there on a particular day. Fortenberry's testimony that he "lived" at the Residence Inn at the time of his injury is sufficiently specific and factual that the court of appeals should have considered and not disregarded it. *See Reside*, BLACK'S LAW DICTIONARY (5th ed. 1979) ("Live, dwell, abide, sojourn, stay, remain, lodge.").

Other evidence in the record establishes Fortenberry's intent to stay in Dallas County for an indefinite time. Fortenberry agreed in the NFL player contract that he would attend Dallas Cowboys games, practices, and events for all of 2015, 2016, and 2017. The record shows that before his August 2 injury, Fortenberry in fact trained with the Cowboys and was treated by their doctors and trainers in Dallas County for two months, except for a trip to Louisiana for physical rehabilitation, during which he remained in contact with the team. He returned in July and participated in a conditioning test with his teammates before leaving with the team for training camp in California late that month.

13

This evidence constitutes some probative evidence of Fortenberry's presence in and intent to remain in Dallas County. *See Snyder*, 241 S.W.2d at 141.

Finally, the parties' stipulation regarding venue is probative evidence supporting the trial court's venue ruling. Fortenberry and Great Divide stipulated during the contested case hearing that venue was proper at the Workers' Compensation Division's Dallas Field Office. And they recited the stipulation into the record again during trial. Under Labor Code Section 410.005, venue for a contested case hearing is proper at the field office that is not "more than 75 miles from the claimant's residence at the time of the injury." TEX. LAB. CODE § 410.005. Thus, Great Divide twice stipulated—and the ALJ found— that Fortenberry *resided* within 75 miles of the Dallas Field Office at the time of the injury. Great Divide correctly notes that there are counties other than Dallas County within a 75-mile radius of the Dallas Field Office. But there is no suggestion that Fortenberry lived or resided anywhere other than Dallas County at the time of his injury. The stipulation is final and binding on Great Divide. TEX. LAB. CODE § 410.166 ("A written stipulation or agreement of the parties that is filed in the record or an oral stipulation or agreement of the parties that is preserved in the record is final and binding."). And the stipulation is, of course, contrary to Great Divide's new assertion that Fortenberry did not reside in *any* county in Texas at the time of his injury.

* * *

Fortenberry averred that he lived and resided in Dallas County at the time of his injury on August 2, and the fact that he inhabited a

14

hotel room during his intermittent stays there, by itself, does not disqualify him from proving he resided there for purposes of Labor Code Section 410.252(b). The evidence adduced at trial shows he trained in Dallas County in the three months beforehand, and that he intended to perform his NFL player contract there for another two-and-a-half years. And Great Divide stipulated that Fortenberry resided within 75 miles of the Division of Workers' Compensation's Dallas Field Office at the time of his injury. The court of appeals should have credited this evidence supporting venue in Dallas County. *See Ruiz,* 868 S.W.2d at 758 (explaining that the trial court's venue determination must be upheld "if there is any probative evidence in the entire record, including trial on the merits, that venue is proper in the county where judgment was rendered").

## IV. Conclusion

Under the deferential standards set forth in Civil Practice and Remedies Code Section 15.064(b) and *Ruiz,* the record contains sufficient probative evidence that Fortenberry resided in Dallas County at the time of his injury. Thus, venue in Dallas County was mandatory under Labor Code Section 410.252(b). We reverse the court of appeals' judgment and remand the case to that court for consideration of Great Divide's unaddressed issues.

Rebeca A. Huddle
Justice

**OPINION DELIVERED:** March 31, 2023

15