## Annie M. Pearson v. George West.

### No. 1272. Decided January 7, 1904.

**1.—Venue—Domicile—Residence.**

Domicile and residence, in the statute on venue, are used interchangeably and may be in two counties at the same time. (Pp. 242, 243.)

**2.—Same—Case Stated.**

A defendant who lived, with his family, on his ranch in Live Oak County from April to September, and in his wife's house in San Antonio from September till April, had a domicile in both places within the meaning of the statute governing venue of suits (Rev. Stats., art. 1194), and could be sued in San Antonio (Bexar County) for an assault committed in Live Oak County, though he voted in the latter county and claimed it as his residence. (Pp. 241-244.)

**3.—Statutory Construction.**
　Re-enactment of the language of the statute which has been judicially defined, in subsequent amendments or revisions, should be regarded as adopting the words in the sense previously defined. (P. 243.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

*M. W. Davis,* for plaintiff in error.—The judgment of the court was contrary to the law and evidence and against the preponderance of the evidence in that the evidence showed that defendant's residence in Bexar County was permanent, and that his residence in Live Oak County was simply temporary and merely incidental to his temporary stays at his ranch, where his principal business has been conducted, all of which clearly shows Bexar County to be his permanent place of residence or legal domicile.

If a defendant's affairs are in such a state that it can not be certainly known in which county his residence or domicile is established, suit may be brought in either county; and the statute as to venue should in such cases be construed liberally in favor of jurisdiction in the county where the suit is first instituted. Rev. Stats. (Batts'), art. 1194; Brown v. Boulden, 18 Texas, 431; Tucker v. Anderson, 27 Texas, 282; Faires v. Young, 69 Texas, 483; Blum v. Younger Bros., 2 U. C., 303; Wilson v. Bridgeman, 24 Texas, 617; Crawford v. Caruthers, 66 Texas, 200; Ex parte Blumer, 27 Texas, 737.

The court erred in rendering judgment sustaining defendant's plea and dismissing plaintiff's said suit, because the undisputed evidence showed that defendant had two domiciles, a city home in Bexar County and a country home in Live Oak County, and that by reason thereof he may be sued in either county. Crawford v. Caruthers, 66 Texas, 200; Brown v. Boulden, 18 Texas, 431; Wilson v. Bridgeman, 24 Texas, 618; Faires v. Young, 69 Texas, 483; Zambrino v. Railway Co., 38 Fed. Rep., 453; Stout v. Leonard, 37 N. J. L., 492; Walcot v. Botfield, 1 Kay, 534; Hanson v. Graham, 82 Cal., 631.

*Proctors, Denman, Franklin & McGown,* and *C. C. Camp,* for defendant in error.—The plea to the jurisdiction having been submitted to the court without a jury, and there being ample evidence to support the finding of the court that the residence and domicile of George West was in Live Oak County at the time the suit was filed and down to the time of the trial, this court will not revise its finding upon that question of fact. Benavides v. Gussett, 8 Texas Civ. App., 198, and authorities, infra.

There being ample evidence to justify the court in finding that the plaintiff by making reasonable inquiry could easily have ascertained the residence and domicile of defendant West to be in Live Oak County, and there being no evidence that she made any inquiry or was in any way misled as to where she should sue, the court was clearly justified in finding that she was not misled and did not act upon any reasonable

belief that West lived in Bexar County when she filed her suit.  Benavides v. Gussett, 8 Texas Civ. App., 198; Brown v. Boulden, 18 Texas, 434; Faires v. Young, 69 Texas, 483; Wilson v. Bridgeman, 24 Texas, 617; Tucker v. Anderson, 27 Texas, 281; Walker v. Walker, 22 Texas, 331; Blum v. Younger, 2 U. C., 313; McIntyre v. Chappell, 4 Texas, 197; Land Office v. Smith, 5 Texas, 485; Henderson v. Kissam, 8 Texas, 55; Berry v. Wilcox, 44 Neb., 82.

There being ample evidence to show that defendant West's residence and real domicile was in Live Oak County, and there being no evidence that appellant made any inquiry or was misled as to his residence or domicile, the court was justified in finding that she was not misled, but simply elected to sue in Bexar County upon the slight pretext that defendant's residence was here, because he bought a house for his wife as an investment and because he and his wife temporarily occupied the same a portion of the year.  Same authorities.

The evidence showing that the real residence and domicile of defendant West was in Live Oak County and that the assault upon which the suit is based was committed there, and the statute providing that plaintiff could sue in Live Oak County irrespective of the question as to where West had his domicile, plaintiff was never put to an election, but had a certain place to sue, and therefore this is not a case where plaintiff must sue in the county of defendant's residence or domicile and might be misled, and therefore the doctrine of defendant being estopped from claiming his absolute right of being sued where the trespass was committed or in the county of his real residence or domicile does not apply, as it might if the suit were upon an account, and therefore the court having found as a fact that the real residence and domicile of West was in Live Oak County and knowing as a matter of law that the statute gave plaintiff the absolute right to sue in Live Oak County where the assault was committed (it being an aggravated assault under the law), properly held as a matter of law that plaintiff could not sue defendant West in Bexar County, which was not his real residence or domicile.  Same authorities.

But even if we be wrong in our construction of those decisions, still the judgment of the court below must be affirmed, because the court has found that West's real residence and domicile was in Live Oak County and that plaintiff was aware of that fact when she filed her suit, and that she did not make reasonable inquiry and was not misled as to defendant's real domicile or residence.  To reverse the judgment below would be a perversion of the statute and the decisions and would hold in effect, as a matter of law, that every person who is temporarily in Bexar County but who has his real business and domicile in another county within the knowledge of plaintiff can be sued in Bexar County at the election of the plaintiff, when the statute does not undertake to confer any election upon the plaintiff but does confer a privilege upon defendant as to the venue of suits.

BROWN, ASSOCIATE JUSTICE.—On the 9th day of October, 1902, Annie M. Pearson filed this suit in the District Court of the Fifty-seventh Judicial District, Bexar County, against George West, to recover $10,000 damages for an assault charged to have been committed upon her by West in Live Oak County, Texas, on the 14th day of August, 1902. The defendant, West, pleaded, in abatement of the suit: that at and before the commencement of the suit and service of process he resided in Live Oak County, State of Texas, and had his domicile therein and not in the county of Bexar and State of Texas as alleged in plaintiff's petition. That ever since the commencement of this suit and now he has resided and had his domicile in said Live Oak County; that if plaintiff had any cause of action against him it did not accrue in the county of Bexar, but arose in the county of Live Oak, and the defendant claimed the privilege of being sued in the said county of Live Oak, the place of his domicile. The case was submitted upon this plea to the judge without a jury, and judgment was entered sustaining the plea and dismissing the case, which judgment was affirmed by the Court of Civil Appeals. .

The honorable Court of Civil Appeals did not file conclusions of fact, but there is no conflict in the evidence upon the issue presented and we will state the facts which are established by the undisputed evidence as follows: In 1882 West was a citizen and resident of Lavaca County, Texas. In that year he purchased a ranch in Live Oak County, and in 1885 removed with his family to the ranch and made it his domicile with the intention of remaining there for the future, which intention has never been changed. For five years preceding this trial, West had owned 70,000 acres of land in Live Oak County and a large herd of cattle with other things necessary for ranch purposes. Upon his ranch he had a residence house, also a house for his foreman, houses for servants, carriage houses and barn, and all such as are necessary for such a place. This ranch, its stock and equipments constituted all the property that West owned and the management of it was the only business in which he engaged. The business of the ranch occupied West's time during the months of April, May, June, July, August and September, during which time each year he and his wife resided in their residence on the ranch. About the 1st of October of each year West would lock up his residence on the ranch, leaving all of his furniture and household goods in the house, go to San Antonio and there remain until the next April or May. During the time that West and his wife were in San Antonio in the winter he made occasional trips to the ranch looking after his business affairs, where he would spend a few days at a time and return to his wife at San Antonio. He had a telephone constructed to the ranch house by means of which he held communication with his foreman whenever he desired and transacted his business at the ranch by telephone from San Antonio.

Some time before the institution of this suit West purchased a resi-

97 Supreme—16.

dence in San Antonio for about $21,000. He thought it cheap and bought it as an investment. It was a large, well equipped and well furnished residence at the time he purchased it, and he and his wife have occupied it from October to April or May in each year since he bought it. He had the deed to the property made to his wife, and when they went to the ranch in the spring they left the carriage driver in charge of the city residence until their return in the fall.

West has never claimed to be a citizen of Bexar County, has refused to vote or sit on juries in that county. He has voted in Live Oak County since he moved there in 1885, has served on juries in that county at times. In all of the contracts which West made during the time, he has claimed to be a citizen of Live Oak County and the business men with whom he has had transactions so understood him to be.

The plaintiff in error was employed by West and his wife as a cook, and has resided with them for a number of years both in San Antonio and upon the ranch. When West and wife would leave the ranch to go to San Antonio, Annie M. Pearson accompanied them and lived with them in San Antonio, and when they would return from San Antonio to the ranch she likewise would accompany them and served them at that place. She was fully aware of the fact that West owned and occupied the ranch place as well as the place in San Antonio and all of the facts and circumstances connected with his occupancy of the different places. The transaction out of which this suit was brought occurred in Live Oak County at the time when West and his wife were occupying the ranch residence, and the suit was instituted in Bexar County before West and his wife returned to San Antonio during the fall.

The general rule for determining the venue of suits in this State is prescribed by the following article of the Revised Statutes: "Article 1194: No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile, except in the following cases, to wit:" It is not claimed that this case comes within either of the twenty-seven exceptions to the general rule. The question at issue must be determined by ascertaining the meaning of the word "domicile," as used in the article quoted. In the case of Brown v. Boulden, 18 Texas, 434, this court in discussing the question said: "It, not infrequently, is a question of considerable nicety and difficulty to determine in which of two places a man's domicile really is. The statute also uses 'inhabitant.' An inhabitant and resident mean the same thing. And the word 'domicile' is evidently used in the statute in the sense of residence. But there may be a difference between a man's residence and his domicile. He may have his domicile in one place and still may have a residence in another; for although a man, for most purposes, can be said to have but one domicile, he may have several residences." This decision was approved in Wilson v. Bridgeman, 24 Texas, 615, and a number of cases not necessary to mention.

The case of Brown v. Boulden was decided in the year 1857, and the law construed was enacted in the year 1846. In 1863 the Legislature

amended the law of 1846, but re-enacted that part quoted above in the exact language of the original law. See Laws 10th Leg., p. 10. The Legislature has frequently amended the law, adding new exceptions to those already enacted, but has made no change in the language as it was construed in Brown v. Boulden. In 1876 there was a revision of the laws of this State, and the same language was embraced in the Revised Statutes without any alterations; and in 1895 there was a revision of the laws of this State in which the same language was embraced as article 1194. In the twenty-seven exceptions to the general rule there are ten which depend upon the residence or domicile of a party, and of these there are four in which the word "domicile" is used and six in which the word "residence" is used to designate the place of venue, showing that the word domicile and residence has been used by the Legislature interchangeably. We think that these facts show conclusively that the Legislature used the word "domicile" in view of the construction which the court had placed upon it, and that its use was in the sense of residence.

Considering article 1194 as if it read: "No person who is an inhabitant of this State shall be sued out of the county in which he has his residence," the question presented for our decision is, did the plaintiff have the right to institute this suit in either county in which one of the residences of the defendant was, notwithstanding she knew all of the facts and circumstances connected with the occupancy of the two places? In Crawford v. Carothers, 66 Texas, 200, suit was filed in Travis County, the petition alleging that the defendant was a citizen of that county, to which petition defendant pleaded in abatement that he was at the institution of the suit an inhabitant of Waller County. To this plea exceptions were filed and sustained and upon appeal Justice Robertson said: "The plea states that the defendant was an inhabitant of Waller County at the date of the institution of the suit. He might have been a resident of both counties." The court affirmed the judgment, which could not have been done except upon the ground that suit might be brought in either county in which the defendant had a residence, which is the question before us in this case.

The statute required that West should be sued in the county of his residence, and of this right he could not be deprived, but as he had a residence in each of two counties at the same time the law was satisfied by a suit at either place. The object was to bring litigation to the home of the defendant, which is done by suing in either county in which he resides.

Counsel for defendant in error insists that the right to sue in Bexar County depended upon whether the defendant had by his acts misled the plaintiff as to his domicile or residence and was thereby estopped to deny that he resided in that county. In many of the cases cited by counsel the facts rendered it uncertain where the defendant's residence was; they were cases in which a change was being made from one county to another, and the courts in discussing the question assigned as a reason

for their holding that the party who claims the benefit of the law should show that his domicile or residence was so plainly designated by the facts as not to leave the plaintiff in doubt, but in no case was the decision rested upon the ground of estoppel. Counsel for defendant in error insists that plaintiff had a clear right to sue in Live Oak County because the assault was committed there, and that she should have filed her petition there. If there were a question of estoppel in the case the suggestion would have force, but the right to sue in Bexar County was just as certain as in Live Oak County, and the court will not control a plaintiff in his choice between two places when he may sue in either. Carro v. Carro, 60 Texas, 395.

The District Court erred in sustaining the plea to the jurisdiction of the court of Bexar County, and the Court of Civil Appeals erred in affirming that judgment, for which errors the judgments of both courts are reversed and the cause remanded.

*Reversed and remanded.*