### SMITH v. FARMER. (No. 6267.)

(Court of Civil Appeals of Texas. Austin. Dec. 15, 1920.)

**Venue** ⬀31—**Defendant having residence located in two counties could be sued in either.**

Where defendant had a single residence located partly in C. and partly in L. county, his residence and domicile for purposes of venue was in both counties, and, under Rev. St. 1911, art. 1830, he could be sued in either.

Appeal from Coryell County Court; R. B. Cross, Judge.

Action by A. M. Smith against R. F. Farmer. From judgment for defendant, plaintiff appeals. Reversed, and cause remanded, with instructions.

Stinnett & Stinnett, of Gatesville, for appellant.

H. F. Lewis, of Lampasas, for appellee.

KEY, C. J. Appellant sued appellee for compensation for digging a well. In due time and in proper form, appellee filed a plea of privilege to be sued in Lampasas county, and asked that the case be transferred from the county court of Coryell county to the county court of Lampasas county. The county court of Coryell county sustained that plea; and, as authorized by statute, the plaintiff has appealed, and assigns that ruling as error.

The evidence disclosed by the statement of facts is as follows:

"My name is R. F. Farmer. I am the defendant in this cause. I reside in Lampasas county, Tex. At the time of the institution of this suit, and at the time service of citation was had on me, and at the time of the filing of the plea of privilege by me in this suit, I resided in Lampasas county, Tex. I have lived where I now live for about 30 years. The county line between Lampasas and Coryell counties passes through my house in which I live. I claimed Coryell county as my residence for a number of years, but about four or five years ago there was organized a district school in Lampasas county near to my residence, which on account of consolidation of schools became a very good school. I had children to send to school and desired to send my children to this good school in Lampasas county; too, there was a new voting box established in Lampasas county, at Izoro, which was very convenient for me in voting. I consulted the county judge of Lampasas county and the county judge of Coryell county, and, after talking with them about the matter, I rendered my personal property for taxation in Lampasas county and paid the taxes thereon to the tax collector of Lampasas county for the past four years, and for all that time I have been voting in Lampasas county at Izoro, which is about a mile from my house. My children do not have to be transferred by the superintendent of public instruction and are enumerated in Lampasas county. I pay taxes on that part of my land situated in Lampasas county to the tax collector of Lampasas county, and on that part of my land situated in Coryell county I pay to the tax collector of Coryell county; the land being cut by the county line about half in one county and half in the other. The greater portion of my house in which I live is situated in Lampasas county. It faces east. A portion of the front room, or parlor, the front gallery, a part

of my bedroom, and a part of another bedroom is in Coryell county; and the other parts of those rooms, my kitchen and dining room and several other bedrooms, and the south gallery and west gallery, are all in Lampasas county. I sleep and cook and eat in Lampasas county. The plat I have here shows the situation of my residence, and shows how the line dividing the two counties passes through my house. I was present when the county surveyor ran out the line and set the line post along by my house, and the surveyor pointed out the line to me. The county line passes through my living room. The circle mark between my living room and the north bedroom represents where the chimney is built. My bed is near the west wall of my living room; this is where I sleep, and is in Lampasas county. At the time I decided to change the county of my residence from Coryell county to Lampasas county, about four or five years ago, it was my intention in good faith to adopt Lampasas county as my permanent and abiding legal residence.

"Defendant, R. F. Farmer, being cross-examined, testified as follows: Yes, I claimed Coryell as the county of my residence up to about four or five years ago. Yes, up to four or five years ago I voted in Coryell county, and did jury service in Coryell county. Yes, my residence in which I now live and reside is situated now just as it was when I claimed Coryell county as my residence. My house in which I live and reside has not been changed. It is situated now as it was when I voted in Coryell. A part of my residence is in Coryell county, but the greater part is in Lampasas county. About one-half of my land is in Lampasas county and one-half in Coryell. The line common to the two counties divides my land about half to Lampasas and half to Coryell. Yes, the front part of my house is in Coryell county; the front gallery is in Coryell county. Sometimes we make temporary beds on the front gallery in the summer time. Of course, then we sleep in Coryell county. The front yard of my residence is fenced. All the front yard is in Coryell county. A part of my lots to my premises is in Coryell county. My little barn and my large barn are in Coryell county. There might be a part of my large barn in Lampasas county. Yes, the well involved in this suit was drilled in my yard, and is in Coryell county. Yes, I told Mr. Smith (not the plaintiff), while eating at my table, at the time the well was being drilled, the situation of my residence, and told him that we (meaning my family) eat in Lampasas county and sleep in Coryell county.

"The witness Henry Farmer, in behalf of defendant, testified as follows: My name is Henry Farmer. I am the son of the defendant. I know that my father sends his children to school in Lampasas county, votes in Lampasas county, pays his personal taxes in Lampasas county, and eats and sleeps in Lampasas county. I was present at my father's house when the county surveyor ran out the county line and saw him set the line posts. This line running through this plat here before the court shows how the county line between Lampasas county and Coryell county runs through my father's house. I know that my father has claimed Lampasas county as the county of his residence for four or five years.

"The witness F. G. Smith, in behalf of plaintiff, testified as follows: I drilled the well in question in this suit, and, while eating at the table with Mr. Farmer, he told me about the situation of his house, and said: 'We eat in Lampasas county and sleep in Coryell county.'"

We sustain appellant's contention, and reverse the judgment of the trial court.

The statute regulating venue reads as follows:

"No person who is an inhabitant of this state shall be sued out of the county in which he has his domicile, except in the following cases, to wit." Rev. St. art. 1830.

Then follows about 30 exceptions, none of which need be copied here. However, some of those exceptions use the word "domicile" and others the word "residence," showing, as held by the Supreme Court, in Pearsen v. West, 97 Tex. 238, 77 S. W. 944, that the two expressions are used in the same sense in that statute. That decision refers to former decisions of the Supreme Court, supporting the ruling there made. In that case the Supreme Court held that a defendant who lived with his family on his ranch in Live Oak county from April to September, and in his wife's house, in San Antonio, from September until April, had a domicile in both places within the meaning of the venue statute, and could be sued in San Antonio (Bexar county) for an assault committed in Live Oak county, though he voted in the latter county and claimed it as his residence. Among other things, the court said:

"The statute required that West should be sued in the county of his residence, and of this right he could not be deprived; but, as he had a residence in each of two counties at the same time, the law was satisfied by a suit at either place. The object was to bring litigation to the home of the defendant, which is done by suing in either county in which he resides."

In the instant case, the defendant, Farmer, had but one residence, and as it was located partly in Coryell county, and partly in Lampasas county, while it may have been his privilege to determine in which county he would vote and pay taxes upon his personal property, the fact remains that his residence and domicile was in both counties. Of course, as the line dividing the two counties runs through his residence, it is physically impossible for that building to be located entirely in either county; but as he is content with such location, and as he and his family use the entire building as their residence, this suit, which was brought against him in Coryell county, was brought within and not without a county of his domicile.

And therefore the judgment of the trial court is reversed, and the cause remanded, with instructions to that court to overrule

the plea of privilege and proceed with the trial of the case.

Reversed and remanded, with instructions.