HARRISON v. WARD. (No. 6865.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 10, 1923. Rehearing Denied Feb. 7, 1923.)

Pleading ⬗111—Evidence held not to show defendant's residence in county of suit.

Evidence that at time service of citation in N. county defendant was then temporarily there engaged in buying and selling cotton, that his family were not with him, that he had home and business property in H. county where he lived, *held* insufficient to sustain finding that suit was properly brought in N. county as his place of residence.

Appeal from Nueces County Court; H. R. Sutherland, Judge.

Action by E. B. Ward against T. T. Harrison. From a judgment overruling defendant's plea of privilege, he appeals. Reversed and remanded, with instructions.

George C. Westervelt, of Corpus Christi, for appellant.

Frank J. Onzon, of Corpus Christi, for appellee.

FLY, C. J. This is a suit instituted by appellee against appellant for $250. Appellant filed a plea of privilege to be sued in Hall county, Tex., the place of his residence. The court heard facts under the plea, and held that the suit was properly brought in Nueces county. There is no statement of facts, and the findings of fact of the county judge must be taken as correct.

The judge found that appellant was in Corpus Christi, Nueces county, at the time he was served with citation on August 5, 1920, temporarily engaged in buying and selling cotton, the cotton season in that county beginning in July and ending in November; that appellant for several years had engaged in buying and selling cotton in Nueces county, and that this was his chief occupation, and that for a short time in 1919, and for some years prior thereto, appellant had his family with him in Corpus Christi, and for a short time in 1919 his children attended the public schools in that city, but have not since that time. The court further found that appellant was never actually a resident of Nueces county, but owned and maintained a home, business property, and cotton gin in the town of Memphis, Hall county, Tex., where with his wife and family he passed the greater part of the time, and so resided when sued and when he filed his plea of privilege.

We do not think that the facts show that appellant had two residences, one in Hall and the other in Nueces county. In each of the cases cited by appellee there was a residence in two places. In this case it does not appear that appellant had his wife and children with him in Nueces county after 1919. He was not shown to own any property of any description in Nueces county, but, on the other hand, the court found that appellant was never in the county named except to buy and sell cotton, but had a home and business property in Hall county "where he lived and kept his wife and family the greater part of the time."

In the cited case of Brown v. Boulden, 18 Tex. 431, the evidence showed that Boulden had gone from Colorado county to Gonzales county to prepare for moving to that county,

and citation was issued and served in that county. The court said:

"The defendant manifestly had not effected an actual and complete change of residence at the time ·of instituting the suit. He had not removed his family and effects; nor do'es it appear that he had completed his preparations for such removal."

The court held that Boulden had no domicile in Gonzales county. In the case of Crawford v. Carothers, 66 Tex. 200, 18 S. W. 500, it was held merely that a man might have residences in two counties.

In the case of Pearson v. West, 97 Tex. 238, 77 S. W. 944, West had two homes, one in Live Oak county and another in Bexar county, living in one of them a part of the time and in the other the remaining time. The court held that he could be sued in either county. The same state of facts existed in the case of Littlefield v. Clayton (Tex. Civ. App.) 194 S. W. 194, and the court held:

"If a man have several different places at which he and his family established themselves as in a home, and live during certain seasons of the year, he may acquire a residence at each of such places."

See, also, Funk v. Walker (Tex. Civ. App.) 241 S. W. 720.

The facts found by the court show that appellant had his home in Hall county,. and that he was merely temporarily in Nueces county. His family were not with him, and the findings indicate that they had not been with him in Nueces county since 1919. The decisions cited are not broad enough to give appellant a residence in Nueces county.

The judgment is reversed and· cause remanded, with instructions to the county court to change the venue to Hall county.