## GILMER v. GRAHAM.
### No. 2387.

Court of Civil Appeals of Texas. El Paso.
March 13, 1930.

Rehearing Denied April 18, 1930.

John Perkins, of Alpine, and Reed Cozart and Morriss & Morriss, all of San Antonio, for appellant.

Fuller, Leaverton & Owens, of Alpine, for appellee.

## PELPHREY, C. J.

Appellee instituted this suit in the district court of Brewster county against appellant, seeking to recover a commission on the sale of more than 100,000 acres of land in Brewster county.

Appellee alleged that appellant approached him requesting his services in purchasing a large ranch; that he at that time, having listed with him the property which appellant later bought, advised appellant that said land could be bought at a price of $2.50 per acre net to the owner, and that any commission must be collected from the purchaser; that he gave to appellee a description of the land and the names of the owners, as well as other details concerning the land; that the property was owned by the Commonwealth Bank & Trust Company of San Antonio, Tex., and the J. O. Terrell estate, of which Mattie S. Terrell was independent executrix; that appellant, after acquiring such information, purchased the property from the owners; that he was the efficient and procuring cause of said purchase by appellant; that the services rendered to appellant were at the request of appellant and under a contract, both oral, express, and implied, whereby the appellant agreed and promised to pay therefor a reasonable compensation, to wit, 5 per cent. of the total consideration paid for the property; that by reason of the above facts appellant became bound to appellee in the sum of $15,-523.80 with interest; that said sum is past due and unpaid, and payment thereof has been and is refused by appellant to appellee's loss in the sum of $20,000; that appellant is indebted to appellee in the sum of $15,523.80 as commission for procuring for appellant a seller of the land purchased by appellant, and that he is entitled by the fact that such debt is due and unpaid to an equitable lien on the property (same being fully described in the petition); that, in the alternative and in the event that it be found and held that appellee is not entitled to such commission, appellant represented to appellee that he had clients who were interested in the purchase of a large tract of land, and that the lands and price would be agreeable to his clients, and that he thought a sale of the lands could be consummated through their joint efforts; that, thereupon, he and appellant entered into an oral contract whereby the lands were to be sold to appellant's clients in accordance with the listing held by appellee, a commission to be collected from the purchaser and divided one-half to appellee and one-half to appellant; that appellant fraudulently and falsely represented, in Brewster county, Tex., that he had clients who would make such purchase; that he (appellee) relied upon such representations and was induced by such false representations to make the contract alleged; that such representations were false and were known to be false by appellant when he made them; that appellee could have sold said lands at the listed price plus a 5 per cent. commission, and would have done so had not his partner, appellant, violated his agreement with appellee and bought for himself; that appellant is bound to account to appellee for both the commission and any profits made on the deal; that the consideration paid for the land was $310,476.03; that while he and appellant were partners in the brokerage business, in so far as the sale of the particular land was concerned, yet, because of the fraud and misrepresentation of appellant and the purchase of the land by appellant for himself, he (appellant) cannot in good conscience recover any commission for the sale and purchase of the land, thereby entitling appellee to the whole commission; that he (appellee) was the efficient and procuring cause of the purchase by appellant and furnished, at the request of appellant, the information which induced appellant to purchase; that appellant understood and agreed that the purchaser of the land would pay the commission, and agreed and promised to pay appellee a reasonable commission for procuring for him a seller for said lands ready, able and willing to sell; that by reason of appellant being the purchaser of the land, and the further reason of the brokerage partnership agreement together with the obligation of appellant to appellee, which has not been paid, appellee has and holds an equitable lien on the land to secure

the payment of the commission; that he (appellee) is entitled not only to the establishment but to a foreclosure of such lien in satisfaction of his debt.

Appellee then prayed for an accounting, for judgment for $15,523.80, together with interest, and the establishment and foreclosure of his lien.

In the alternative, he prayed for a judgment for one-half of the commission, or $7,-761.90, with interest from the date of purchase by appellant, and foreclosure of his lien on the land for that amount.

Appellant filed his plea of privilege to be sued in Edwards county.

Appellee in due time filed his controverting affidavit alleging appellant to be a resident of Brewster county; that the venue was properly placed in Brewster county because the suit is one arising out of a trespass and fraud perpetrated upon appellee by appellant in Brewster county; and that, the suit being one for the establishment and foreclosure of a lien upon land in Brewster county, the venue was properly placed in said county.

The controverting plea was filed August 17, 1929, and the hearing set for the 29th day of August.

On said date appellant filed his motion to have the issues on his plea of privilege tried prior to and separate from the trial on the merits. This motion was overruled by the court, and appellant answered by general demurrer, various special exceptions, general denial, and a verified plea denying the partnership alleged in appellee's petition. Appellant filed a trial amendment specially denying that appellee was the efficient and procuring cause of the purchase by appellant; alleging that, prior to the time that appellee first told him that he had the lands listed, he had knowledge of the fact that said lands were being offered for sale by the owners, that such information had come to him from A. N. Welch and Walker Ragsdale, both of Edwards county, and that he became interested in the purchase of the land by reason of such information; further specially denying that appellee had authority from the owners of the land to sell and deliver same upon sale; that appellee was able to or did furnish to defendant, a seller for said lands, who was ready, able, and willing to sell said lands to defendant, alleging that after appellant had shown the lands to A. G., E. E., and Will A. Morris. appellee informed appellant and A. G. and E. E. Morris that said lands were at that time under option to another person, and that he could not deliver said lands to them; denying that he purchased the lands through appellee, and that appellee was the procuring and efficient cause of his so purchasing same, but alleging that he acquired the land by virtue of the purchase of an option theretofore given by the owners to C. B. Wardlow, and that appellee was in no way the procuring cause or rendered any service to appellant in securing same; further denying that he acquired the lands at the price of $2.50 per acre net to the owner as alleged by appellee, but that he paid the sum of $310,476.03 for the land or approximately $2.85 per acre.

The cause was tried to a jury and submitted on special issues. In response to such issues the jury found: (1) That appellant was a resident of Brewster county; (2) that appellant did not falsely represent to appellee that he had a purchaser for the land, with intent to defraud appellee; (3) that appellee and appellant did enter into an agreement to undertake, by joint effort, to sell the land and divide the commission; (4) that appellee was the procuring cause of the purchase by appellant; and (5) that appellant took advantage of the services of appellee in consummating the sale of the land.

Upon these answers of the jury, the court rendered judgment that appellee recover from appellant $7,761.90, with interest, and that he take nothing on all other issues in the case, denying either the establishment or foreclosure of the asserted lien against the land, and overruling plea of privilege.

The questions presented by appellant for review are: (1) That the court erred in refusing appellant's motion to hear and determine the issues on the plea of privilege prior to and separate from the issues on the merits; (2) that the court erred in overruling appellant's special exception to paragraph 2 of appellee's petition; (3) that it was error to permit the introduction of testimony as to the price for which the lands were subsequently sold by the appellant; (4) that it was error to admit evidence of sundry judgments against appellant in other places, and abstracts thereof filed in the county of trial; (5) that the court erred in excluding evidence of an option on the land in question alleged to have been given by the owners thereof to third parties; (6) that it was error to exclude evidence that appellee had told him the owners had optioned the land to another and he could not sell it; (6) that the court erred in the charge given on the burden of proof; (8) that the court committed error in his instructions to the jury on the issue of residence; (9) that the court erred in not defining "procuring cause" in connection with his charge; (10) that the court erred in using the phrase "take advantage of" in the fifth special issue; (11) that the court should have granted appellant's motion for a new trial based on the misconduct of the jury; (12) that the evidence was insufficient to support the jury's finding on the question of residence; (13) that the verdict and judgment were contrary to the law and evidence; and (14) that, no issue having been submitted as to the amount owing to appel-

lee by appellant, and there being no evidence supporting the judgment for the amount rendered, the judgment was unwarranted.

Appellee by cross-assignment attacks the judgment rendered as being insufficient, contending that he should have been awarded a judgment for the full 5 per cent. on the sale price of the land.

■ While we are of the opinion that under the statute a defendant is entitled to have the issues on his plea of privilege decided prior to and separate from the issues on the merits, in cases where the issues are different, yet we do not feel that the court's action in refusing to try the issues on the plea of privilege first will justify a reversal of this cause.

Appellant himself testified, in substance, that he lived in Rocksprings, Edwards county, Tex., but that the last few months he had been spending quite a good deal of his time in Alpine trying to sell and selling lands; that he had done nothing about moving from Rocksprings to Alpine, but that he might have expressed an intention of moving based on the matter of where his business would be and how it would do; that he came to Alpine about December 9th, and since that time had been in Alpine from ten to twenty days at the time, staying there from ten to twenty days, and then going back to Edwards county or to San Antonio, and then coming back to Alpine; that he voted in Rocksprings in April; that he was in the real estate business conducting operations in various places, in various counties in West Texas for the past few years, and for the eight months last past largely in Brewster county; that during that time he had conducted operations also in Edwards county; that his active bank account was kept in Edwards county and had not been moved to Alpine; that he had looked at quite a number of places in Brewster county with a view of buying something for a matter of profit, and also some that he might use if he should move later; that he had purchased no home in Alpine, but had looked at one; that he opened an office in Alpine to try and handle out his lands; that his wife had been in Alpine on three or four occasions, but only visiting; that he stayed most of the time at the Holland Hotel; had stayed several nights at the home of his son, but did not make his son's home his headquarters; that he had during the year purchased some land at tax sale, the Rocillas ranch and about thirty-seven lots, and that he had sold several tracts out of the Rocillas ranch; that since the 1st of January he had had a clerk in his office at Rocksprings who handled some of his business there and looked after his mail; that he maintained a regular downtown office there until about three months before the trial.

■ In the case of Pearson v. West, 97 Tex. 238, 77 S. W. 944, the Supreme Court construed the word "domicile" used in the venue statute as meaning residence, and in that case as well as in many others the proposition is well established that under the venue statutes a person may have more than one legal residence, and that such person cannot plead his privilege if sued in one of such counties. Taylor v. Wilson, 99 Tex. 651, 93 S. W. 109; Latham v. Continental Supply Co. (Tex. Civ. App.) 230 S. W. 230; Wrenn v. Brooks (Tex. Civ. App.) 257 S. W. 299; Littlefield v. Clayton (Tex. Civ. App.) 194 S. W. 194; Armstrong v. King (Tex. Civ. App.) 130 S. W. 629; Funk v. Walker (Tex. Civ. App.) 241 S. W. 720; Johnson v. State (Tex. Civ. App.) 267 S. W. 1057.

In the last case the Dallas Court of Civil Appeals, in a well-considered opinion, held that facts quite similar to the facts testified to above were sufficient to show that defendant had established a residence in the county of suit for the purpose of pursuing his profession.

We have concluded that the facts here testified to by appellant are sufficient to show that he had established a residence in Alpine for the purpose of engaging in the real estate business, and that no issue on the question of residence should have been submitted to the jury.

The court, therefore, committed no error in refusing appellant's motion, and the assignments relative to that question are overruled.

■ In paragraph 5 of appellee's petition the following allegations appear: "That the plaintiff had listed with him for sale at $2.50 per acre net to the owner all of the lands described in paragraph three of his first amended original petition, but with the understanding that any commission that plaintiff could earn in making the sale of said lands must be paid by the purchaser; that the defendant represented to the plaintiff that he had clients who were interested in the purchase of a large tract of land and sought information of the plaintiff concerning any seller offering for sale any such lands; that the plaintiff advised the defendant of his listing and that he had authority from the owners to offer for sale all of the lands and premises described in paragraph three hereof at $2.50 per acre net to the owners, with the understanding and agreement that the purchaser would pay all commission to the broker; that defendant represented that said lands and price would be agreeable to his clients and that he thought a sale could be consummated through their joint efforts, whereupon the plaintiff and defendant went into an oral contract whereby said lands would be sold to defendant's clients in accordance with the listing and that the commission received would be paid by the purchaser and be divided one-half to defendant and one-half to the plaintiff; that the defendant fraudulently and falsely represented, in Brewster County, Texas, that he had clients who would make said purchase and de-

fendant knew that said representations were false when he made them, and plaintiff relied upon same and would not have made said contract except for such representations, which were made to induce plaintiff to make said contract and did so induce plaintiff, and, without the consent or knowledge of the plaintiff, and after he had been informed by the plaintiff, went direct to the owners and negotiated a purchase of said land in accordance with the listing price and for himself; that plaintiff could have sold said land at the price paid plus a five per cent. commission and would have done so had his partner, J. W. Gilmer, not bought for himself and violated the agreement with plaintiff; that said defendant is bound to account to this plaintiff for both the commission and the profits on the deal."

The above allegations, as we understand the facts as they were developed on the trial, seem to form the basis of any recovery to which appellee might be entitled. The facts show and the jury having found that such an agreement was entered into, we are then confronted with the question of whether one of the parties to such an agreement can recover his part of the commission from the other party who himself becomes the purchaser.

We are of the opinion that under such a state of facts the one who by becoming himself the purchaser, thereby making it impossible for the agreement to be carried out according to the original intention, is bound to account to the other for the share of the commission lost to him by reason of such action, and that the judgment here is the judgment which should have been rendered under the facts before the court.

The allegations of appellee as to a contract either express or implied on the part of appellant to pay appellee a commission for furnishing a seller ready, able, and willing to sell, and as to appellee being the procuring cause of the sale to appellant, find no support in the evidence, and therefore can form no basis for the judgment rendered.

The overruling of appellant's exception to paragraph 2 of the petition can furnish no grounds for a reversal, and his assignment to the court's action thereon is overruled.

The agreement to divide commissions being shown, and a purchase by appellant would render him liable to appellee, in the absence of a showing that the agreement had been terminated prior to the purchase by appellant, consequently the other questions presented as to the instructions and to the admission and rejection of evidence become immaterial.

We have concluded that the judgment rendered is correct under the peculiar facts of this case, and that the errors complained of do not call for its reversal.

It is accordingly affirmed.