## KERR v. DAVENPORT et al.

### No. 12148.

Court of Civil Appeals of Texas. San Antonio.

Oct. 4, 1950.

Lawrence L. Bruhl, Llano, Jim B. Cloudt, San Antonio, for appellant.

Strickland, Wilkins, Hall & Mills, Mission, for appellees.

W. O. MURRAY, Chief Justice.

This is an appeal from an order of the District Court of Bexar County sustaining a plea of privilege of Dee Davenport to be sued in Starr County, from which order appellant, W. O. Kerr, has prosecuted this appeal. The first question here presented is whether appellee Dee Davenport had a residence, within the meaning of the Venue Statute, Article 1995, Vernon's Ann. Civ.Stats., in Bexar County, Texas.

■ The evidence on the essential points is undisputed, therefore, it is a question of law as to whether or not appellee Dee Davenport has a residence for venue purposes in Bexar County. Pearson v. West, 97 Tex. 238, 77 S.W. 944.

The appellant, W. O. Kerr, brought this suit against appellee Dee Davenport alleging that they had entered into a written contract of employment whereby Davenport employed Kerr as business manager of his office in the Milam Building, San Antonio, Texas, for a period of three years at a salary of $1,000.00 per month. Appellant further alleges that after ten months appellee wrongfully discharged him and therefore breached the contract, for which he sought to recover damages. Appellant alleges that he was employed by appellee on October 15, 1948, and discharged on August 1, 1949. This suit was instituted on February 27, 1950.

Appellant, Kerr, testified in substance as follows concerning appellee Davenport's residence in Bexar County, Texas: That appellee Davenport lived at the St. Anthony Hotel in San Antonio, Texas, and maintained his principal business office in the Milam Building in San Antonio; that he did not know of any other office maintained by appellee. That appellee did not spend any of his time in his San Antonio office, and when he had business with appellant he would either talk to him over the phone or have him come to his suite of rooms in the St. Anthony Hotel. That appellee received his personal and business mail at both his office in the Milam Building and at the St. Anthony Hotel. That there would be scattered mail that he might receive at some other point. That appellee

paid $600.00 a month for his suite of rooms at the St. Anthony Hotel. That he was the owner of two Cadillac cars which were registered in Bexar County.

Appellee Dee Davenport testified that he was in the ranching and oil business. He maintained an office in the Milam Building, San Antonio, Texas, and also in McAllen, Texas. He maintained an office in McAllen in the years 1947 and 1948, and that he may have checked in and out along during 1949. His office was Room 22, a bungalow at the Casa de Palmas Hotel. He checked out of the St. Anthony Hotel during the months of July, August and part of September in 1949, while he was taking a vacation in California. He received mail at the St. Anthony Hotel. His office in the Milam Building is Room No. 1602, and he still maintains that office. Mr. Axel Hultgren is now managing that office and keeping his books. He has maintained a suite of rooms at the St. Anthony Hotel during 1948, 1949 and 1950. He keeps some of his books and business records at Carrizo Springs and some in the Valley, but he calls the San Antonio office his principal office. He does not spend half of his time in Bexar County. He supposes he spends one-third of his time in Bexar County. There is no evidence as to what portion of his time he spends in Starr County. He usually leaves early Monday morning and comes back Friday night. He is a single man, being divorced from his wife. He has one daughter, who lives in a separate suite at the St. Anthony Hotel. When he is in town he eats most of his meals at the St. Anthony Hotel. His daughter is unmarried. As to how his two Cadillac cars happen to be registered in Bexar County, he made the following explanation: "When I bought the new car I wasn't even present. I have never been over there. My car was traded in and the company billed me for the difference and billed me for the license, and everything. The only time I bought a license it was bought by Goad Motor Company and was on the bill as just part of the purchase of the car. I never purchased a license in Bexar County in my life." He is sixty-one years old, but as long as he

paid a poll tax he paid it in Starr County and voted in that County. He made his charitable contributions in Starr County, and he claimed his residence to be in Rio Grande City, Starr County, Texas. He has never claimed San Antonio as his residence. He has never served on the grand jury or petit jury in Starr or Bexar County. When his business interests will permit he intends to go and make his home in Starr County. About the 1st of January, 1949, he built a home on land which he owns in Starr County. After he finished this home it was occupied by Mr. Williams, and before that time it was occupied by appellee's brother for a short time. Since this house was built he has maintained a part of it for his own use. He has a bedroom to himself and has some clothes that he keeps in this bedroom. He also leaves some of his clothes in his room at the St Anthony Hotel. The reason he keeps the suite of rooms at the St. Anthony Hotel is that for the past three years it is very difficult to get a room at the St. Anthony Hotel and so he does not check out, and when he is not here friends of his and people with whom he has business in Dallas, Houston and all over the United States come and frequently occupy his suite. He does not have any furniture of his own in his suite at the St. Anthony, nor does he have a trunk or anything like that.

Three other witnesses testified, Ralph Ramarez, Joe Moss and Betty Davenport, but their testimony in no way contradicts the above facts, it relates to the fact that appellee Davenport actually did have a residence in Starr County.

■■■ Article 1995, Vernon's Ann.Civ. Stats., often referred to as the Venue Statute, provides that no person who is an inhabitant of Texas shall be sued out of the county in which he has his domicile, except in the following cases, and then follow many exceptions to this general provision. It has been definitely settled in this State that the word "domicile" as used in the Venue Statute is synonymous with the word residence, and that for venue purposes a person may have a residence in two or more counties. Pearson v. West, 97 Tex. 238, 77 S.W. 944; Wrenn

v. Brooks, Tex.Civ.App., 257 S.W. 299; Littlefield v. Clayton Bros., Tex.Civ.App., 194 S.W. 194; Armstrong v. King, Tex.Civ. App., 130 S.W. 629; Funk v. Walker, Tex. Civ.App., 241 S.W. 720; Gilmer v. Graham, Tex.Civ.App., 26 S.W.2d 687,

■■■ The undisputed facts in this case show that appellee Dee Davenport has for at least three years maintained a suite of rooms in the St. Anthony Hotel in San Antonio, Bexar County, Texas, at an expense of some $600.00 per month, and that during that time he has spent at least one-third of his time in San Antonio, and that while in San Antonio he lives at the St. Anthony Hotel and eats his meals there. For a like period he has maintained his principal business office in the Milam Building in San Antonio, Bexar County, Texas, and receives both business and personal mail at such office and at the St. Anthony Hotel. It further shows that appellee has business interests in many places and spends much of his time at these various places. Under such facts, the evidence is sufficient to show that appellee Davenport does have a residence in San Antonio, Bexar County, Texas, and did have one at the time this suit was filed and at the time he was alleged to have breached the contract.

The fact that appellee maintains a separate bedroom in the home on a ranch which he owns in Starr County, and that he paid his poll tax, secured his gasoline rationing there during the war, makes his charitable contributions there and claims Starr County as his permanent residence in no way precludes the idea that he also has a residence in Bexar County, Texas, for venue purposes.

■■■ Appellant also contends that he is entitled to maintain venue in Bexar County under the provisions of Section 5 of said Article 1995, reading as follows: "Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

Appellant has not proved what the provisions of his alleged written contract were, and has not shown that such contract was performable in Bexar County or at a definite place in such county, and accordingly we overrule this point.

The order of the trial court sustaining the plea of privilege is reversed and the judgment here rendered overruling appellee Davenport's plea of privilege.