

# NUMBER 13-23-00135-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

3HM TRUCKING, LLC,
MICHAEL JEROME WRIGHT,
PRESTIGE GUNITE, INC.,
JESUS MARIA ROSALES, III,
TRI-NATIONAL, INC., AND
RMR DRIVER SERVICES, INC.,                          Appellants,

v.

JOANN CARR ELIZONDO, ET AL.,                          Appellees.

On appeal from the 92nd District Court
of Hidalgo County, Texas.

# MEMORANDUM OPINION

Before Justices Benavides, Longoria, and Tijerina
Memorandum Opinion by Justice Benavides

In this pre-trial venue dispute, appellants 3HM Trucking, LLC, Michael Jerome

Wright, Prestige Gunite, Inc., Jesus Maria Rosales, III, Tri-National, Inc., and RMR Driver Services, Inc. contend that the trial court erred in denying their motion to transfer venue because appellees Joann Carr Elizondo, Kevin Carr Elizondo, Genesis Carr Elizondo, Eric Elizondo, and Christopher Elizondo failed to make a prima facie showing that venue was proper in Hidalgo County. Alternatively, appellants argue that they conclusively established that venue was not proper in Hidalgo County. We affirm.

## I.  BACKGROUND

The underlying dispute involves a fatal accident between two commercial vehicles that occurred in Dallas County on November 1, 2022. Ernesto Elizondo, the patriarch of the Elizondo family, was a passenger in a semi-trailer truck driven by Rosales when they collided with a semi-trailer truck driven by Wright. Elizondo and Rosales were employed by Tri-National and Wright was employed by 3HM Trucking. Ernesto died from his injuries, and the Elizondos filed a wrongful death and survival action against both drivers and their employers in Hidalgo County on November 16, 2022.[1] According to the Elizondos' petition, venue is proper in Hidalgo County because Rosales was residing in Hidalgo County when the accident occurred.

Six days later, Rosales filed an original cross-petition against 3HM Trucking based on various theories of negligence. In this pleading, Rosales stated that he "is an individual who resides in Texas." He also asserted that venue was proper in Hidalgo County because the Elizondos "established venue in Hidalgo County" under Texas Civil Practice and Remedies Code § 15.005(a).

---

[1] The Elizondos later amended their petition to add Prestige Gunite and RMR Driver Services as additional defendants.

2

However, approximately two weeks later, Rosales and Tri-National filed their combined motion to transfer venue, original answer, and cross claims. The motion alleges that venue is not proper in Hidalgo County because Rosales was residing in Cameron County at the time of the accident.[2] Although Rosales's Texas driver's license and the Texas Peace Officer's Crash Report both list Rosales's address as 1202 Bryce Drive, Mission, Texas, which is in Hidalgo County, Rosales and his wife Lisa stated in sworn affidavits that Rosales moved into Lisa's residence in Cameron County approximately six months prior to their October 10, 2022 wedding. According to Rosales, the accident report "erroneously listed [his] address as Bryce 1202 Dr., Mission, Texas." Rosales concluded his affidavit by stating that he "was no longer a resident of Hidalgo County, Texas on November 1, 2022, [because he] had moved to Cameron County, Texas approximately six months before." To corroborate their statements, Rosales provided a medical record from the hospital where he received medical treatment on the day of the accident. This record lists Rosales's address as the same Cameron County address provided by the couple in their affidavits. Appellants sought to transfer venue to Tarrant County where 3HM Trucking has its principal place of business and Wright resided at the time of the accident.

The Elizondos opposed the motion and filed several pieces of evidence to support their venue allegation that Rosales was maintaining a residence in Hidalgo County at the time of the accident. In a sworn declaration, their counsel stated that he reviewed body camera footage taken by the City of Garland Police Department as part of its investigation

[2] The motion to transfer was later joined and adopted by the other appellants.

into the accident. In an interview conducted while Rosales was in the hospital, a police officer allegedly asked Rosales, "What's a good address for you?" According to counsel's declaration, Rosales responded by providing an address in Hidalgo County—71330 W. Interstate Highway 2, #166, Mission, Texas 78572 (Lot #166)—that differed from the Hidalgo County address on his driver's license. In a corresponding exhibit, the Elizondos provided handwritten notes, allegedly taken by the interviewing officer, that lists Rosales's address as Lot #166. Appellants did not object to the declaration or any of the Elizondos' other evidence.

The Elizondos also submitted two warranty deeds. The first warranty deed shows that Lot #166 was conveyed to Rosales in 2019. The second, dated November 11, 2022, and signed by Rosales on November 23, 2022 (after the Elizondos filed suit), shows that he conveyed Lot #166 shortly after the accident. The mailing address listed for Rosales in the second warranty deed is the same Cameron County address provided in the affidavits by Rosales and his wife. The Elizondos also provided evidence that, as of December 7, 2022, Rosales was a registered voter in Hidalgo County.

Finally, the Elizondos provided a "Comprehensive Report" from TLOxp[3] that was generated on December 21, 2022. According to their counsel's declaration, "[t]he report stems from a daily-updated database containing personal information—including peoples' physical address, phone numbers, etc.—that is regularly utilized and relied upon by private investigators, law enforcement, and attorneys." The report associated Rosales

---

[3] TLOxp describes itself as an online service that uses the "science of data fusion" to comb "through a massive repository of public and proprietary data" and provide customers with "detailed reports" about people and businesses. *See* https://www.tlo.com/about-tloxp (last visited Mar. 14, 2024).

with both Hidalgo County addresses but not the Cameron County address.

In a brief filed in support of their motion, appellants accused the Elizondos of "misleading" the trial court about Rosales's recorded statement to police. Citing the rule of optional completeness, appellants argued that the Elizondos failed to put Rosales's statement in proper context and gave their own unsworn account of what occurred on the video. According to appellants, "Rosales was so disoriented lying in his hospital bed in the emergency room hours after the subject accident occurred that it took him approximately one minute to give the investigating officer [the Lot #166] address." Appellants further claimed that Rosales made subsequent statements to the officer during the interview which demonstrated that Rosales had actually established a single permanent residence in Cameron County. Specifically, Rosales allegedly told the officer that he "just sold a mobile home" and that he now lives with his wife. These statements, appellants argued, were consistent with the Cameron County address provided to the hospital and the subsequent warranty deed conveying Lot #166. Neither side submitted a copy of the video to the trial court, and thus, it is not part of the appellate record.

The trial court denied the motion to transfer venue, and this accelerated interlocutory appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.003(b)(1).

## II.    STANDARD OF REVIEW & APPLICABLE LAW

In general, plaintiffs are allowed to choose venue first, and the plaintiff's choice cannot be disturbed as long as suit is initially filed in a county of proper venue. *Wilson v. Tex. Parks & Wildlife Dep't*, 886 S.W.2d 259, 260 (Tex. 1994); *Shamoun & Norman, LLP v. Yarto Int'l Grp.*, 398 S.W.3d 272, 287 (Tex. App.—Corpus Christi–Edinburg 2012, pet.

5

dism'd). Venue questions are to be decided based on the "facts existing at the time the cause of action that is the basis of the suit accrued." TEX. CIV. PRAC. & REM. CODE ANN. § 15.006. A trial court must consider all venue facts pleaded by the plaintiff as true unless they are specifically denied by an adverse party. TEX. R. CIV. P. 87(3)(a). Once an adverse party specifically denies venue facts, the plaintiff must then respond with prima facie proof of those facts. *Id.* "Prima facie proof is made when the venue facts are properly pleaded and an affidavit, and any duly proved attachments to the affidavit, are filed fully and specifically setting forth the facts supporting such pleading." *Id.* If the plaintiff satisfies their burden, then the trial court must maintain venue in the plaintiff's chosen county unless a mandatory venue provision applies or the defendant brings forth conclusive evidence that "destroys" the plaintiff's prima facie proof. *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 757 (Tex. 1993); *Shamoun & Norman*, 398 S.W.3d at 288; *see* TEX. R. CIV. P. 87(3)(c).

"Proper venue" means: (1) the mandatory venue as provided by statute; or (2) if there is no mandatory venue, the venue provided under the general venue statute or the permissive venue provisions of subchapter C of civil practice and remedies code chapter 15. TEX. CIV. PRAC. & REM. CODE ANN. § 15.001(b). The general venue statute states that all lawsuits shall be brought:

> (1) in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred;
>
> (2) in the county of defendant's residence at the time the cause of action accrued if defendant is a natural person;
>
> (3) in the county of the defendant's principal office in this state, if the defendant is not a natural person; or

6

(4) if Subdivisions (1), (2), and (3) do not apply, in the county in which the plaintiff resided at the time of the accrual of the cause of action.

*Id.* § 15.002(a). "Venue may be proper in many counties under general, mandatory, or permissive venue rules." *Wilson*, 886 S.W.2d at 260.

Because this is an interlocutory appeal from a multi-plaintiff case, we review the trial court's venue ruling "based on an independent determination from the record and not under either an abuse of discretion or substantial evidence standard." TEX. CIV. PRAC. & REM. CODE ANN. § 15.003(c)(1). In other words, we employ a de novo standard of review without any deference to the trial court's ruling. *See Surgitek, Bristol-Myers Corp. Abel*, 997 S.W.2d 598, 603 (Tex. 1999) (interpreting the same language in a prior version of § 15.003(c)(1)).

### III.   ANALYSIS

As an initial matter, we agree with the Elizondos that Rosales has waived his right to challenge venue in Hidalgo County. "An objection to improper venue is waived if not made by written motion filed prior to or concurrently with any other plea, pleading or motion except a special appearance motion provided for in Rule 120a." TEX. R. CIV. P. 86.1. Prior to filing his motion to transfer venue, Rosales filed his original cross-petition against 3HM Trucking, thereby invoking the trial court's jurisdiction to decide the merits of his cross claims. Consequently, he is barred from challenging venue in Hidalgo County. *See id.* Nevertheless, Rosales's waiver did not prevent his co-defendants from properly challenging venue in Hidalgo County. *See WTFO, Inc. v. Braithwaite*, 899 S.W.2d 709, 718 (Tex. App.—Dallas 1995, no writ) ("[W]e hold that the waiver of venue by one

7

defendant does not prevent another defendant from appropriately challenging venue by filing a motion to transfer venue."); *Pearson v. Jones Co.*, 898 S.W.2d 329, 332–33 (Tex. App.—Eastland 1994, no writ) (concluding that waiver of venue by two defendants through the filing of answers and making general appearances did not waive other defendant's venue objection). Accordingly, we proceed to consider their arguments on appeal.

## A.    Prima Facie Proof

The Elizondos alleged that venue was proper in Hidalgo County because Rosales resided in Hidalgo County when the accident occurred. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a)(2). Appellants denied this specific allegation in their motion to transfer venue, alleging instead that Rosales moved to Cameron County approximately six months prior to the accident. Therefore, it was incumbent on the Elizondos to adduce prima facie evidence establishing Rosales's residence in Hidalgo County at the time of the accident. *See* TEX. R. CIV. P. 87(3)(a). By their first sub-issue, appellants argue that the Elizondos failed to satisfy their burden.

It is undisputed that, at the time of the accident, Rosales held a valid Texas driver's license that listed his residence as a Hidalgo County address. This same address was reflected in the accident report. Appellants argue that a driver's license is not "dispositive" proof of residence because the Texas Transportation Code requires a driver to change their listed residence within thirty days of moving, and consequently, "Texas law recognizes that a person's driver's license m[ay] no longer reflect their actual residence." *See* TEX. TRANSP. CODE ANN. § 521.054(b). We agree that a driver's license is not

8

"dispositive" proof of a person's residence; however, the Elizondos were only required to provide prima facie proof of Rosales's residence. *See* TEX. R. CIV. P. 87(3)(a). Prima facie evidence is "evidence sufficient as a matter of law to establish a given fact if it is not rebutted or contradicted." *In re Lipsky*, 460 S.W.3d 579, 590 (Tex. 2015).

In a recent case with facts very similar to this one, we held that a valid Texas driver's license, coupled with other circumstances, constituted prima facie proof of the defendant's residence for venue purposes. *See Parks v. Migl*, No. 13-22-00208-CV, 2023 WL 7860792, at *4 (Tex. App.—Corpus Christi–Edinburg Nov. 16, 2023, pet. filed) (mem. op.). Like this case, *Parks* involved an automobile accident that occurred in one county, but the plaintiffs elected to file suit in what they believed to be the defendant's county of residence based on the information contained in the accident report and on the defendant's driver's license. *See id.* at *1, 4. And like appellants here, the defendant in *Parks* sought to transfer venue by alleging that he moved to a third county approximately five months prior to the accident. *See id.* at *3. As we explained in *Parks*, if Rosales did in fact change his residence six months prior to the accident, "then it was legally incumbent upon him to notify the Texas Department of Transportation within thirty days of the change and to obtain 'a duplicate license' showing the correct address." *See id.* at *4 (quoting TEX. TRANSP. CODE ANN. § 521.054(a)).

Moreover, Texas law enforcement officers are required to obtain "the driver's current residence address" when completing a crash report. *See* TEX. DEP'T OF TRANSP., *Instructions to Police for Reporting Crashes* 68 (2003), https://cris.dot.state.tx.us/public/Crash-resource/docs/PoliceInstructions.pdf (last visited

9

Mar. 14, 2024); *see also* TEX. TRANSP. CODE ANN. § 550.063. In *Parks*, we noted that the defendant provided his license to police officers at the scene of the accident without advising them that his address had allegedly changed. 2023 WL 7860792, at *4. Here, Rosales was not merely silent about the alleged change in his address; instead, the Elizondos produced evidence that when an investigating officer asked Rosales for a "good address," he responded by providing an updated address in Hidalgo County—not Cameron County. Therefore, like *Parks*, we conclude that the Elizondos produced prima facie proof that Rosales was maintaining a residence in Hidalgo County at the time of the accident. *See id.* Appellants' first sub-issue is overruled.

## B.    Rebuttal Evidence

Appellants next argue that, even if the Elizondos produced prima facie proof of proper venue in Hidalgo County, such proof was effectively "destroyed" by the evidence produced by appellants in support of their transfer motion. *See* TEX. R. CIV. P. 87(3)(c); *Ruiz*, 868 S.W.2d at 757. In particular, appellants rely on the affidavits of Rosales and his wife in which they attested that Rosales moved to Cameron County approximately six months prior to the accident. They also point to Rosales's medical record that lists the same Cameron County address as his residence.

Texas courts have long acknowledged that a defendant may simultaneously have two different residences for venue purposes. *See GeoChem Tech Corp.*, 962 S.W.2d at 543; *Snyder v. Pitts*, 241 S.W.2d 136, 138–39 (Tex. 1951); *Pearson v. West*, 77 S.W. 944, 945 (Tex. 1904); *In re Estate of Steed*, 152 S.W.3d 797, 803 (Tex. App.—Texarkana 2004, pet. denied) ("A person may establish only one domicile, whereas he or she may

10

have several residences."); *see also In re Socorro Indep. Sch. Dist.*, No. 13-09-00500-CV, 2010 WL 1138451, at *4 (Tex. App.—Corpus Christi–Edinburg Mar. 22, 2010, orig. proceeding) (mem. op.). Rosales expressly stated in his affidavit that he "was no longer a resident of Hidalgo County, Texas on November 1, 2022, [because he] had moved to Cameron County, Texas approximately six months before." But in *Parks* we concluded that such testimony would be insufficient to conclusively rebut the plaintiffs' prima facie proof of proper venue. *See* 2023 WL 7860792, at *5 ("Even if he did unequivocally testify that he resided only in Goliad and not Harlingen on September 7, 2019, we cannot conclude that such testimony would 'destroy' the prima facie proof indicating that he resided in Cameron County on that date." (quoting *Chiriboga v. State Farm Mut. Auto. Ins.*, 96 S.W.3d 673, 678 (Tex. App.—Austin 2003, no pet.))).

In any event, we cannot treat Rosales's affidavit, or any other evidence produced by appellants, as conclusive on the issue of proper venue because Rosales himself made multiple inconsistent statements about his residence at the time of the accident. Not only did he tell a police officer that he was residing in Hidalgo County on the day of the accident, but he also admitted in his original cross claim that the Elizondos "established venue in Hidalgo County" based on his residence. Although his original cross claim was subsequently superseded by his combined motion to transfer venue and amended cross claim, Rosales's prior admission that Hidalgo County was a proper venue is nonetheless admissible against him. *See Bay Area Healthcare Grp. v. McShane*, 239 S.W.3d 231, 234–35 (Tex. 2007) (per curiam) (holding that statements made by the plaintiffs in their superseded pleadings were admissible rebuttal evidence). Given the inconclusive state

11

of the record, appellants' second sub-issue is overruled.

## IV.   RESPONSE TO THE DISSENT

The question before us is not whether the evidence suggesting that Rosales resided in Cameron County at the time of the accident is persuasive; the question is whether the evidence is conclusive. Evidence qualifies as conclusive only if it rises to the level that reasonable people could not differ in the conclusions they would draw from it. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005). In conducting our independent review of the record, we have considered each piece of evidence, including the various conflicting statements made by Rosales regarding his residence at the time of the accident. While the evidence highlighted by the dissent tells one story, the remaining evidence suggests another. And from these two competing narratives, reasonable people can draw different conclusions about whether Rosales resided in Hidalgo County at the time of the accident. Accordingly, it cannot be said that the appellants conclusively established that venue in Hidalgo County was improper.

## V.   CONCLUSION

We affirm the trial court's judgment.

GINA M. BENAVIDES
Justice

Dissenting Memorandum Opinion by Justice Tijerina.

Delivered and filed on the
21st day of March, 2024.

12