## GILBERT v. MECOM.

### No. 12388.

Court of Civil Appeals of Texas.
San Antonio.

March 19, 1952.

---

Phelps & Phelps, Gordon Gibson, Laredo, for appellant.

Mann & Nesbitt, Laredo, for appellee.

NORVELL, Justice.

This is a plea of privilege case involving the question of a residence for venue purposes apart from the domicile of the defendant. The leading case (relied upon by both parties) is Snyder v. Pitts, Tex. Sup., 241 S.W.2d 136, decided by the Supreme Court in June, 1951. Other cases (decided by the Court) having a bearing upon the question presented are Kerr v. Davenport, Tex.Civ.App., 233 S.W.2d 197, and Eoff v. Skinner, Tex.Civ.App., 244 S.W.2d 991.

H. Mecom is admittedly domiciled in Liberty County, Texas. He owns a ranch of about five thousand acres located in Zapata County, Texas, where this suit was filed. Gilbert sought to recover a sum said to be owing for certain repairs made upon earthen tanks situated on the ranch involved. Mecom filed a plea of privilege and Gilbert claimed venue in Zapata County upon the ground that Mecom had a residence in said county.

Trial was to the court without a jury and judgment rendered sustaining the plea of privilege. There are no express findings, Rule 385, Texas Rules of Civil Procedure, and we therefore assume that all fact issues having support in the evidence were found by the trial judge in accordance with the judgment.

The evidence does not show a fact situation such as that disclosed by the record in Kerr v. Davenport, Tex.Civ.App., 233 S.W. 197, wherein we held that a second residence for venue purposes was established as a matter of law. In the case mentioned it was undisputed that Davenport had for a period of three years prior to the time suit was filed, maintained his principal business office in the Milam Building and a suite of rooms in the St. Anthony Hotel, both located in San Antonio, Bexar County, Texas, where the suit was filed, and that he has spent at least one-third of his time in San Antonio.

In the present case, Mecom testified that the house upon the Zapata ranch had been built by and was sometimes used by his son; that no regular staff of servants was maintained at the ranch house; that on the ranch, there were approximately 500 acres of land in cultivation and about 25 to 50 head of cattle grazing upon the pasture land; that he had oil interests, and traveled extensively in connection therewith; that he spent considerable time in Houston where his son lived; that a landing strip had been constructed near the Zapata County ranch house; that he would come to the ranch by private airplane, give necessary instructions with reference to the farming operations upon the place and leave by plane; that occasionally he would stay over weekends; that during the hunting season, the ranch house would be used extensively by him and his son and their guests; that he did not stay at the ranch house over ten

per cent of the time or about thirty-five days during the year, including the time spent there during the hunting season. Mrs. Mecom corroborated the testimony of her husband. It also appears that Mr. Mecom owned a farm implement and hardware business in Liberty, Texas, and operated rice farms in that vicinity.

There is evidence in the record tending to contradict Mecom's testimony, particularly with reference to the proportionate part of a year's time Mecom spent in Zapata County. Certain witnesses based their estimates as to this matter upon having seen lights in the ranch house or Mecom's airplane upon the landing strip. However, the trial judge was authorized to accept Mecom's testimony and reject the testimony contradictory thereto. This testimony supports the theory that the Zapata County ranch was primarily a place used for recreational purposes by him, his son, their families and friends. It cannot be said as a matter of law and contrary to the trial judge's finding that the ranch house was a fixed place of abode occupied or intended to be occupied consistently over a substantial period of time.

The order appealed from is affirmed.