**El-Roy HANSLIK, Appellant,**

v.

**Edgar DITTFURTH, Appellee.**

No. 13934.

Court of Civil Appeals of Texas.

San Antonio.

April 4, 1962.

Rehearing Denied May 2, 1962.

Fly & Moeller, Victoria, for appellant.

Don Bradshaw, Houston, for appellee.

MURRAY, Chief Justice.

This is an appeal by El-Roy Hanslik from an order of the County Court of De-Witt County, Texas, overruling his plea to be sued in Victoria County, the alleged county of his residence.

Appellant's first contention is that the court erred in overruling his exceptions to appellee's controverting plea. Appellee alleged in paragraph 1 of his petition, that

"The defendant, El Roy Hanslik, is a resident of Victoria County, Texas, and resides at 403 North Vine Street, Victoria, Texas, where citation may be served upon him." In an apparent effort to show venue in DeWitt County, appellee further alleged as follows: "However, the defendant owns property at Nordheim, Texas, which is in DeWitt County, Texas, and upon which the labor and materials made the basis of this suit was performed and used. Said labor was performed and material furnished pursuant to an agreement reached in DeWitt County which called for payment by the defendant to be made to the plaintiff at the plaintiff's home in Yorktown, DeWitt County, Texas."

In his controverting affidavit appellee alleged in effect that appellant, for venue purposes, was also a resident of DeWitt County, the county of suit. Whereupon appellant moved to strike this controverting plea because appellee had affirmatively alleged that appellant "is a resident of Victoria County, Texas." This motion to strike was overruled by the court.

◼ The trial court did not err in refusing to strike the controverting plea and overruling appellant's exceptions. Under the law, a party may have two residences for venue purposes, and even though appellee had alleged that appellant's residence was in Victoria County, this would not preclude him from setting up a contention that appellant also had a residence in DeWitt County for venue purposes. Pearson v. West, 97 Tex. 238, 77 S.W. 944; Gilbert v. Mecom, Tex.Civ.App., 247 S.W.2d 573; Kerr v. Davenport, Tex.Civ.App., 233 S. W.2d 197.

◼ Appellant's second point is that appellee failed to establish by competent testimony that appellant was a resident of DeWitt County. We sustain this point. There can be no question here as to the fact that appellant, a single man, resided with his parents at 403 North Vine Street, Victoria, Texas, and that he was employed and worked five and one-half days a week for his employer in Victoria County. Appellee offered evidence to the effect that appellant had purchased a piece of land in DeWitt County which he was improving, and spent much time on week-ends in DeWitt County, looking after and improving this property. There was a dwelling house on the property when it was purchased by appellant, but before this cause of action arose appellant had sold the house and it had been taken down and removed. There was a garage on the premises which appellant had greatly improved. No evidence was offered to show that appellant had ever spent as much as one night in DeWitt County. He testified that he had never spent a night in DeWitt County; that he had no place of abode in that county, and did not keep any personal effects in DeWitt County.

◼ Under such circumstances, the evidence was insufficient to establish that appellant had a second residence for venue purposes in DeWitt County. Greer v. Newton, Tex.Civ.App., 245 S.W.2d 299; Gilbert v. Mecom, supra. In Snyder v. Pitts, 150 Tex. 407, 241 S.W.2d 136, Justice Wilson, speaking for the Supreme Court, sets forth the essential elements that establish a second residence in a county for venue purposes:

"A second residence away from a domicile within the meaning of the first sentence of art. 1995 must include the following elements:

"1. A fixed place of abode within the possession of the defendant

"2. occupied or intended to be occupied consistently over a substantial period of time

"3. which is permanent rather than temporary."

The proof offered by appellee fails to establish any of these elements, and the court erred in overruling appellant's plea of privilege.

■ It has been called to our attention that after appellant's plea of privilege was overruled, the cause was heard upon its merits and judgment rendered, but we are not advised as to whether this judgment has become final for lack of an appeal. Such judgment, unless final, does not affect this appeal. Pugh v. Childress & Marshall, Tex.Civ.App., 207 S.W.2d 182; Brown County Life Ins. Co. v. Hagins, Tex.Civ. App., 110 S.W.2d 1162; Blakeney v. State, Tex.Civ.App., 251 S.W. 824.

The judgment of the trial court is reversed and appellant's plea of privilege is here sustained, and this cause is ordered transferred to the County Court of Victoria County, Texas, in keeping with the provisions of Rule 89, Texas Rules of Civil Procedure.